## WILLIAM A. PATERSON v. EUGENE PARSELL.

*Replevin—Writ must describe property.*

A writ of replevin is void if it does not describe the property to be seized; a description in the affidavit annexed to the writ is not sufficient.

Error to Genesee. Submitted April 5. Decided April 9.

REPLEVIN. Plaintiff brings error.

*A. C. Baldwin* and *E. H. Thompson* for plaintiff in error.

*Le Roy Parker* and *William Newton* for defendant in. error. A writ of replevin is issued before the affidavit supporting it is annexed, Comp. L., § 6731; *Baker v. Dubois,* 32 Mich., 92; the omission of a description of the property from the writ is a jurisdictional defect and

not amendable, *Denison v. Smith*, 33 Mich., 155; *Wilson v. Arnold*, 5 Mich., 98; the writ should so describe the property as to enable it to be distinguished from other property of like character, *Stevens v. Osman*, 1 Mich., 92; *Farwell v. Fox*, 18 Mich., 166.

MARSTON, J.   In this case a writ of replevin was issued out of the circuit court which contained no description of the property to be seized by the officer.   An affidavit was attached thereto as required by the statute, which fully described the property.   The defendant moved the court to quash the proceedings, and the plaintiff moved to amend the writ by inserting therein the items of property contained in the affidavit annexed thereto.   The motion to amend was denied and the writ quashed.

It would seem on first view that as the writ could not be executed until an affidavit as required by the statute should be annexed thereto, that when the latter contained a description of the property, it might be resorted to in aid of the writ.   An examination of the statute, however, satisfies us that this view cannot prevail.

The statute requires the goods and chattels to be replevied to be described in the writ, but provides that the officer shall not execute the same until an affidavit shall be annexed thereto.   The property need not be described in the affidavit, but it is to refer to the writ for a description.   §§ 6731, 6732, and in various sections the statute speaks of the property specified in the writ, but in no instance is there any reference to the affidavit for a description.   For all purposes referred to in these provisions it might be claimed that a description in the affidavit attached to the writ would answer the same purpose.   There is however one very essential particular in which no such claim can be made.

Sec. 6737 provides how the defendant shall be summoned, viz.: "by delivering to him personally a certified copy of such writ," and section 6739 requires the sheriff to "return the writ, at or before the return day thereof,

with the affidavit thereto annexed." It will thus be seen that he is not required to summon the defendant by delivering to him a copy of the writ and affidavit, but of the writ only. So that where no description of the property was contained in the writ, the defendant would have no means of knowing what property the sheriff was authorized to seize, and would not have such information as the statute contemplated or as would seem essential to enable him to protect his rights in the premises. We are of opinion therefore that the writ issued in this case was absolutely void. This being so there was nothing to amend under the statute. The order of the court below must be affirmed with costs.

The other Justices concurred.