JULIA PISTORIUS V. JAMES N. SWARTHOUT ET AL.

*Justices of the peace—Replevin for beasts distrained—Bond— Waiver of objections—Appeal.*

1. Act No. 188, Laws of 1879 (How. Stat. § 6856), gives jurisdiction to justices of the peace in replevin for beasts distrained.[1]
2. Pleading issuably and going to trial on the merits, after an adverse decision of points raised on special appeal, is a waiver of any objections to the regularity of the proceedings, if the justice had jurisdiction *at all.*
3. Irregularities in giving a replevin bond ought not to affect a judgment after the jury have found for the plaintiff, who is entitled to the possession of the property.

Error to Saginaw. (Gage, J.) Argued June 14, 1887. Decided October 13, 1887.

Replevin. Defendants bring error. Affirmed. The facts are stated in the opinion.

*A. H. Swarthout* (*Hanchett & Stark,* of counsel), for appellants.

*Herman Pistorius* (*Trask & Smith,* of counsel), for plaintiff.

CAMPBELL, C. J. In this case the plaintiff sued out a replevin for beasts distrained, making the proper affidavit before a justice. The animals were delivered to plaintiff on a bond which was given before appraisal. Motions were twice made before the justice to quash, and denied. Judgment was there entered upon proofs on default, and appealed by special and general appeal. In the circuit court, the appeal on special grounds, which included jurisdictional questions,

_____

[1] See How. Stat. §§ 8372–8376.

was overruled, and defendants pleaded generally, and plaintiff recovered judgment for nominal damages, and costs.

The principal question, concerning the jurisdiction of justices in replevin for beasts distrained, is settled by Act No. 188, Laws of 1879, which very clearly gives the jurisdiction. Whether this law removes the qualification concerning the time of giving the replevin bond, so as to allow it only after appraisal, is a question of some importance, if it properly arises now. But the defendants, having pleaded issuably in the circuit court after their special appeal had been decided, and having gone to trial on the merits, waived any objection going to the regularity of the proceedings, if there was any jurisdiction at all.

The jury having found in favor of plaintiff, so that there was no right in defendants, and the plaintiff being entitled to the possession, the irregularity of the bond could in no way prejudice defendants after such judgment, and ought not to affect the judgment. It, if error at all, was an error that is not prejudicial.

The judgment should be affirmed.

The other Justices concurred.