## JEROME G. MOORE v. CHARLES B. LEWIS.

*Pleading—Naming defendant as "John Doe"—Amendment—Replevin —New bond.*

1. A defendant, who is sued in justice's court as " John Doe," and who appears and defends, and an appeal is taken from a judgment in his favor, resulting in one for the plaintiff, which he removes by writ of error to the Supreme Court, where the record shows correctly and fully the identity of the parties, cannot complain for want of a formal amendment by the substitution of his real name.

2. In this case the only *material* point was the authority of a mortgagor to sell the mortgaged property, and this question having been submitted to the jury, who found a want of such authority, the judgment is affirmed.

Error to Wayne. (Brevoort, J.) Argued June 28, 1889. Decided July 11, 1889.

Replevin. Defendant brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*F. G. Russell* (*W. H. H. Russell,* of counsel), for appellant.

*Thomas Hislop* (*H. M. Cheever*, of counsel), for plaintiff.

CAMPBELL, J.  Plaintiff replevied from defendant, naming him in the writ as John Doe, a billiard table which defendant had purchased of one Galt.  Galt had taken a lease of premises used, among other things, for a billiard saloon, and the lease, which was signed by both parties, contained a mortgage or security clause on the furniture and other chattels.  Default being made in the lease, and Galt having removed and sold the table, plaintiff, after some search and inquiry, found that defendant was in possession of it, claiming from Galt, and demanded possession, which was refused. There was at this time an outstanding chattel mortgage from Galt to one Preston, which was filed in the city clerk's office earlier than the filing of the lease.  Plaintiff procured this mortgage, that was given to secure a note payable to bearer, and in addition to the receipt of the note took a written assignment, on which some questions arose on the trial.  The replevin suit, in which defendant prevailed, was appealed to the circuit court, where plaintiff prevailed, and defendant brings error.

The original replevin bond was defective, but on the return-day, a motion having been made to quash the proceedings, a new and adequate bond was filed and approved, which brought the case within the curative statutes, as held in *Pistorius v. Swarthout*, 67 Mich. 186 (34 N.W. Rep. 547), and *Hatch v. Christmas*, 68 Id. 84 (35 N. W. Rep. 833).

An objection is also made that the suit having been commenced against John Doe, and the proceedings not amended so as to show defendant's real name, they are defective, and some comments are made on the use of the fictitious name at all. It is not necessary to dwell on the latter point.  It is not very strange that a gentleman who has become so publicly and favorably known as a writer, under an adopted name, should not have been so well known to everybody under his

real name. He was served personally, and appeared and defended, and the case was finally appealed, under his own name, and he so brought the case here. The record as it stands shows correctly and fully the identity of the parties, and no formal amendment would make it any plainer. Counsel complained a little of the indignity of applying such a formal epithet to a well-known and worthy gentleman, but John Doe is an ancient name in legal history, and has represented some famous characters. But the name was not unlawfully used, and served its purpose, and the mythical character has left the case to the real one.

There was only one material point in the case, and that was whether plaintiff authorized Galt to sell the table. There was no ruling properly excepted to, which interfered with that inquiry, and it was sufficiently left to the jury, who could not very well have found any such authority.

Beyond this, there were several questions raised upon matters purely collateral, and which could not have changed the result. The lease and its breach were proved without contradiction. The only object plaintiff could have had in buying the Preston mortgage was to prevent its being used to get priority over him. So far as his possessory rights were concerned, they did not depend upon it, and his claim in this suit was neither helped nor hindered by its ownership. Whether the rulings on that matter, or upon transactions after the suit, were correct or incorrect, could not affect plaintiff's recovery, and we shall not discuss them.

The judgment must be affirmed, with costs.

The other Justices concurred.