·ROBERT H. DILLON v. GEORGE HOWE AND CERTAIN LUM-
BER AND SLABS OWNED BY THE SULLIVAN
LUMBER COMPANY.

*Log-lien proceedings—Infant plaintiff—Appointment of next friend
—Writ of attachment—Description of property—Evidence.*

1. A failure to object to the jurisdiction of a justice of the peace
on the ground that he issued an attachment in favor of an
infant plaintiff in a log-lien suit without appointing a next
friend, as required by How. Stat. § 6864, or the appointment
of such next friend on the motion of the plaintiff, is a sufficient
answer to such objection when made for the first time on
special appeal.

2. There is no reason for applying a more stringent rule as to the
description of property in attachment cases brought under
the log-lien law than in replevin.[1]

---

[1] The following descriptions have been held sufficient:
1. "Six oxen." *Farwell v. Fox,* 18 Mich. 166.
2. "One cow, seven years old, color, red with white," and "two
yearlings, red and white in color." *Kelso v. Saxton,* 40 Mich. 666.
3. "Two hundred and fifty bushels of wheat of the Fultz variety,
raised and grown upon the farm of the plaintiff, on section seven,
in the township of Portage, in said county, and harvested the
present season." *Wattles v. Dubois,* 67 Mich. 313.
4. "One sewing-machine and one pool-table." *Proper v. Conkling,*
67 Mich. 244.
5. "Sufficient of the boots and shoes now in the store or build-
ing situate on lot 182 of Moore's plat of the village of Edmore,
Montcalm county, Michigan, and now occupied by defendant
herein, to satisfy the claim of the plaintiffs herein, as mortgagees
·of said goods, amounting to $805." *Pingree v. Steere,* 68 Mich.
:204.
6. "Twenty-four Michigan Reports, one lot of books, one lot of
papers and envelopes, one lot of written matter." *Burt v. Addison,*
·74 Mich. 730.
7. After describing a large number of articles specifically, the
:following general description was given: "A lot of hard wood;
·all the furniture and carpets in the hotel building recently occupied
by me, and formerly owned by Sidsell Johnson and George R.
Fowler, as copartners; and all the utensils in barn on said
premises." *Peterson v. Fowler,* 76 Mich. 258, 261.
And see *Reeder v. Moore,* 95 Mich. 594, holding that where the
descriptions of none of the articles are identical in a writ of re-
plevin and in the declaration, it is too late after plea to take
advantage of the variance.

3. A description of property in a writ of attachment in a log-lien suit as "about 200,000 feet of pine and hemlock lumber, and also about 800 cords of slabs," is sufficient.

4. It is error to permit the plaintiff in a log-lien suit to testify to the contents of a paper which he claims is a copy of his time book, and shows each day that he worked, and what he worked at, without proof of the loss of the paper, and the error is not cured by the fact that the witness had testified, without the aid of the paper, to the date of the last day's work done by him, which fact it was essential for him to show.

5. It was error to permit the plaintiff to introduce in evidence the affidavit, writ of attachment, and return of service, the same having no bearing upon any question to be submitted to the jury.

Error to Muskegon. (Dickerman, J.) Submitted on briefs November 3, 1893. Decided December 22, 1893.

Attachment proceedings under the log-lien law. Defendant Sullivan Lumber Company brings error. Reversed. The facts are stated in the opinion.

*Bundy & Travis,* for appellant.

*DeLong & O'Hara,* for plaintiff.

GRANT, J. This action was brought in justice's court, under Act No. 229, Laws of 1887, to enforce a lien for work and labor in loading and skidding a lot of pine and hemlock logs.

1. Plaintiff was an infant, and process was issued without the appointment of a next friend. Defendant company insists that the court obtained no jurisdiction, because section 6864, How. Stat., provides that no process shall issue in favor of an infant plaintiff until the next friend shall be appointed. There are two answers to this objection:

*a*—Defendant made no objection for this reason in the justice's court. *Pistorius v. Swarthout,* 67 Mich. 186; *Peterson v. Fowler,* 76 Id. 258.

*b*—The justice, upon the motion of the plaintiff, appointed a next friend, which appointment was valid. *Parks v. Goodwin*, 1 Doug. 56; *Gray v. Willcox*, 56 Mich. 58.

2. It is next objected that the description of the property in the writ of attachment was insufficient to confer jurisdiction. It was described as—

"About 200,000 feet of pine and hemlock lumber, and also about 300 cords of slabs."

This was clearly insufficient, under the authority of *Stevens v. Osman*, 1 Mich. 92.[1] Unless this decision has been overruled by subsequent cases, the defendant must prevail.

In *Farwell v. Fox*, 18 Mich. 169, the Court held that the rule in *Stevens v. Osman* was needlessly stringent.

In *Sexton v. McDowd*, 38 Mich. 148, it was held that the description in a writ of replevin is sufficient, if, with outside help, the officer executing it can identify the property. The doctrine in *Farwell v. Fox* and *Sexton v. McDowd* was approved in *Pingree v. Steere*, 68 Mich. 204.

In *Paterson v. Parsell*, 38 Mich. 607, the writ was held void for failure to describe the property. The writ in that case contained no description, but the affidavit annexed thereto did. The affidavit in that case required by the statute is not required to describe the property, but is to refer to the writ for a description. Motion was made to amend the writ, but the court held there was nothing to amend, and quashed the proceedings.

The strict rule laid down in *Stevens v. Osman* is practically overruled by the subsequent decisions above cited. We see no reason for applying a more stringent rule in attachment cases brought under the log-lien act than in

---

[1] The property was described as "a quantity of corn, consisting of about 100 bushels, and a quantity of rye, consisting of about 200 bushels."

cases of replevin. Under this act the plaintiff is required to annex to the writ an affidavit stating the amount due him for work and labor performed upon the property "mentioned in the annexed writ." Under the authority of *Paterson v. Parsell*, the affidavit cannot be resorted to for a description of the property. Neither in the statement of lien, nor in the writ of attachment, nor in the affidavit attached thereto, is the plaintiff expressly required to state who is the owner of the logs. But the officer executing the writ is required to serve a copy of the attachment "upon the owner of said products, or any of them, their proper agent or attorney, if such owner, agent, or attorney be known to him and residing in this State." One reason for the decision in the replevin cases above cited is that the property is in the possession of the defendant, and unlawfully detained by him. This reason, of course, cannot apply to the present case, for the owner may or may not be in the actual possession of the property. In the present case, the principal defendant, Howe, was the contractor, and plaintiff worked for him, and not for the owner of the property. It is true that there is nothing upon the face of the writ to indicate that the property belonged to the defendant company. But, when service was made upon it, it was thereby notified that the lumber was seized as its property, and that plaintiff claimed a lien thereon for work done thereon under a contract with the principal defendant. Under the authorities, and particularly under that of *Sexton v. McDowd*, we are constrained to hold that the description was sufficient.

3. It was essential for the plaintiff to show the date of the last day's work done by him. On his direct examination, he testified that this was the 30th of April. On cross-examination he testified that "he knew it was that day, because he had got it down in a book, or on a piece of paper, rather, in his pocket." Witness then, evidently,

searched his pockets to find the paper, but could not.  He
said he had had it that morning.  He further testified that
the book in which he kept the dates got torn, and he drew
it off on another piece of paper, and that he had burned
the book.  On redirect examination he was permitted,
under objection, to state that the paper was a copy of his
time book, and that it showed each day that he worked,
and what he worked at; that he had had the paper that
day, since dinner, at his attorney's (Mr. De Long's) office.
Mr. De Long then stated that the paper might be in his
office, and was requested by the defendant's attorney to
produce it.  This was not done, and the witness was per-
mitted to state its contents.  This was error, which is not
cured by the fact that plaintiff had testified, without the
aid of the memorandum, to the date.  The paper was not
admissible at all, and in any event was the best evidence
of what it contained, and its contents could not be shown
without due proof of its loss.

4. The introduction of the affidavit, writ, and return of
the officer was error.  They were immaterial, and had no
bearing upon any question to be submitted to the jury.
If they were in any respect irregular, advantage thereof
could only be taken by a motion to quash.  The judg-
ment would probably not be reversed for this error alone,
but it is proper to determine it in the event of a new
trial.

Judgment reversed, and new trial ordered.

The other Justices concurred.