BECHERL *v.* PLUTCHAK.

1. LOGS AND LOGGING—LIENS—STATUTES—DESCRIPTION.
Under the log-lien act (3 Comp. Laws, § 10758), description of lumber in plaintiff's statement of lien as "700,000 feet of maple, beech, elm, and basswood lumber," situated in the county of Menominee, etc., in connection with the affidavit for attachment which more specifically stated the location and identified the timber so that the officers serving the writ attached the proper lumber, was definite enough to sustain plaintiff's lien for labor performed upon it.

2. SAME—APPLICATION OF PAYMENTS.
Where plaintiff claimed $174.94 including $77.75 for his wife's services as cook, omitting in the statement of lien and in the affidavit for the writ to specify any sum for the services of a cook, and where plaintiff testified that he paid his wife all that he owed her, claiming to have received $87.78 from the contractor, and claiming the balance due as for his work, which the statement mentioned, he was entitled to recover the sum remaining due for his labor.

3. SAME—CONTRACT PRICE—WORK, LABOR AND SERVICES.
The lienor, under the log-lien act, is not limited to the contract price for the labor that he performs on the lumber, but may recover the actual value of his services without respect to the sum agreed upon between owner and contractor: the owner is chargeable with the duty of knowing that his contract price represents a sum at least sufficient to pay for all labor and that no more than the value of labor already performed is paid to the contractor.

Error to Menominee; Flannigan, J. Submitted June 14, 1912. ( Docket No. 146.) Decided July 11, 1912.

Attachment by Charles Becherl against Gustave Plutchak for the enforcement of a lien for labor against logs, etc. Samuel Crawford and others, copartners, doing business as S. Crawford & Sons, intervened. Judgment for plaintiff. Said interveners bring error. Affirmed.

*W. F. Waite,* for appellants.

*George Barstow,* for appellee.

This is an action of attachment under Act No. 229 of the Public Acts of 1887 (3 Comp. Laws, §§ 10756-10-799) to enforce a claim in the sum of $87.78 for labor performed by plaintiff on some lumber belonging to the defendants, doing business as S. Crawford & Sons, a copartnership. The labor was performed under a contract made by plaintiff with Plutchak, the principal defendant, by the terms of which plaintiff agreed to furnish his own labor in wheeling and shoving lumber, and his wife's labor in cooking for men employed on the work. The agreed compensation to plaintiff for the services of both was $2.25 per day. There is no dispute that the labor was performed as claimed, nor is it disputed that as between plaintiff and Plutchak the balance due plaintiff is as claimed, $87.78. The contract between Plutchak and S. Crawford & Sons provided for the payment by the latter to the former of $4 per thousand feet for all lumber sawed. S. Crawford & Sons offered testimony tending to show that the total amount earned by Plutchak under his contract was about $2,000, and that at the time plaintiff's lien was filed they had paid out for labor performed on the lumber a total of $2,677. The case was commenced in the justice's court, and upon appeal to the circuit court judgment was entered in favor of plaintiff for the full amount of his claim. The owners of the products have appealed.

Counsel for appellants state that the following questions are involved:

"(1) Was the description of the property in the statement of lien filed, sufficient to continue the lien beyond the 30 days from the date of the last day's labor?

"(2) Can a judgment be given against property for a kind of labor not mentioned in the statement of lien filed; *i. e.*, can a lien be given for cooking when cooking is not mentioned in the statement of lien?

"(3) Did the statute give the husband a lien for the services of his wife at the time this labor was performed?

"(4) Where a contractor enters into a contract with the owner of saw logs to saw the logs into lumber, and the

owner pays claims for labor performed in sawing the lumber up to the contract price for sawing, can a labor claim in excess of the contract price be enforced as a lien against the lumber worked on? And, if the manufactured lumber is not liable for the labor in manufacturing in excess of the contract price, must the owner see that the contract price is prorated at his peril?

"(5) Can the owner of the forest product, being manufactured by a contractor, pay labor claims as they become due to protect his property from lien attachments without making his lumber liable beyond the contract price?

"(6) The evidence shows that the entire contract price for the sawing was $2,000. The labor bills, including the lien claim in question, amounted to $2,664.78. Then the contract price of sawing the lumber was a little less than 73 per cent. of the labor. Seventy-seven and three-fourths days (the time which the plaintiff testified that he and his wife worked) at $2.25 per day amount to $174.94, of which the plaintiff admits receiving all but $87.78, or $87.16. If the plaintiff was entitled to 73 per cent. of $174.94, he should have received $127.69 less $87.16, which he has drawn, or $40.53. If then the labor exceeds the contract price between the owner and the contractor, this plaintiff under any circumstances is not entitled to a lien in excess of $40.53."

BROOKE, J. (*after stating the facts*). We will consider the questions raised in their order. (1) The statement of lien describes the property as "about 700,000 feet of maple, beech, elm, and basswood lumber * * * and the said described property, or a portion thereof, is now situated in the county of Menominee, State of Michigan." The affidavit which 3 Comp. Laws, § 10763, requires to be annexed to the writ of attachment and the writ itself, described the property as follows:

"About 700,000 feet of maple, beech, elm and basswood lumber (the same being lumber that was sawed by Gustave Plutchak for S. Crawford & Sons and now piled near said Plutchak mill in Cedarville township) in the county of Menominee."

Service of writ and affidavit is required by the statute. Section 10766. It is not claimed by the defendants that

the alleged indefinite description resulted in the seizure of the wrong property. As was said by the learned circuit judge in passing upon this point:

"The proceedings subsequent to the filing of the statement of lien indicate that the officers and owners encountered no difficulty in coupling the property described in the statement of lien with the lumber upon which the plaintiff and his wife performed the labor for which the lien is claimed."

The statute (section 10758) which gives a form for the statement to be filed lays down no rules to be followed in describing the product or property upon which the lien is claimed. The description would appear to be sufficiently accurate and certain if therefrom the officer executing the writ and the owner upon whom it is served can readily identify the property. A very similar description in a writ of attachment under this statute was held to be sufficient in *Dillon* v. *Howe*, 98 Mich. 168 (57 N. W. 102), citing *Sexton* v. *McDowd*, 38 Mich. 148.

(2, 3) The statement of lien, as well as the affidavit and writ, recites that the lien is claimed "for work and labor performed by Chas. Becherl in wheeling and shoving the following described property," etc. No mention is made of the wife's services as cook, nor are the owners advised that any claim is urged in her behalf. The earnings of plaintiff and his wife during the whole period of labor amounted to $174.94, of which plaintiff received $87.16. Regarding this money, plaintiff testified:

"I gave her the money every time I got an order drawn out. I gave her the money. I gave her all."

The total number of days during which plaintiff and his wife worked was 77¾. As between plaintiff and his wife, plaintiff testified he agreed to allow her $1 per day. If his testimony regarding the payment to her of the $87.16 is true (and it stands uncontradicted), then she was fully paid, and the balance was due plaintiff alone for his labor. Plaintiff further testified in terms that the $87.78 was due him for his labor in shoving lumber.

(4, 5, 6) The learned circuit judge upon this point held:

"Assuming the facts regarding the total amount earned by Plutchak for sawing and the total amount paid out for labor to be as claimed by the owners, the plaintiff, nevertheless, would be entitled to a lien for a part of his claim under *Federspiel* v. *Johnstone*, 87 Mich. 303 [49 N. W. 581], but for how much of his claim he would be under those conditions entitled to a lien we are unable to exactly determine from any figures furnished by the owners. But that Plutchak, the contractor, was overpaid or paid in full does not satisfactorily appear. Whether he was paid in full depends on the quantity of lumber sawed. The only evidence produced by the defendants was Mr. David Crawford, one of the owners. He testified that up to the time of the trial the lumber sawed for them by Plutchak had not been scaled, and his claim that Plutchak was overpaid is based solely on an estimate of the quantity of the lumber in the Plutchak piles which they 'got.' Mr. Crawford does not claim he made the estimate. The inference to be drawn from his testimony is that it was made by some other person and sent or brought in to the owners, the person who made the estimate was not produced, and we have no means of determining whether or not the estimate was correct or even approximately so. Nor is it entirely clear that all of the money paid by the owners to Plutchak was in fact for labor. In settlements for labor orders appear to have been drawn by Plutchak on S. Crawford & Sons. These orders were passed upon by the witness David Crawford, and, when found correct, he drew the firm check in payment therefor, but it seems the only method employed to ascertain the correctness of the order was to check the order with the time book kept by Plutchak. Whether the orders were in every case for labor actually performed in the manufacturing of the lumber, and whether the Plutchak time book was correct and honestly kept, Mr. Crawford did not pretend to know or say, and Mr. Plutchak was not called. The position of counsel for the owners that the burden is on the plaintiff to show the condition of the accounts between the owners and the contractor to be such as to entitle him to a lien is not correct. Where the owner seeks to relieve his property in whole or in part from the lien of the laborer on the ground he has paid in full or overpaid his contractor, the burden is on him to establish that fact."

We are of opinion that in so holding a correct result was reached, but believe a better reason for that result may be found in the statute itself. The law establishes a lien in favor of the laborer limited only by the amount due for such labor or service. In this it differs from the mechanics' lien law, which limits the lien to the contract price. Defendants rely upon the case of *Federspiel* v. *Johnstone*, 87 Mich. 303 (49 N. W. 581), where it was said by Justice MORSE:

"Under the log-lien law, the lien of the laborer does not depend upon the state of the accounts between the contractor for whom he labors and the owner of the logs. It was not intended that the owner could escape the lien that the law, under certain circumstances, places upon his logs or timber in favor of those working thereon, by paying the contractor who hires them regardless of their claims. If such were the law, the intent of the statute might easily be defeated. The owner cannot be made liable for any amount more than he contracts to pay for the getting out of the logs, or any other labor to be performed upon them, but to the amount of such contract price he pays the contractor at his peril."

We think the sentence last above quoted cannot be regarded as a correct statement of the law if it was intended as a holding that the owner could escape liability to one, under the protection of the statute, by showing that he had already paid out for labor more than the contract price. Such a showing would demonstrate one of two facts. Either the contract price would not represent the true value of the labor to be performed, or the amount actually paid for the labor would be in excess of its value. The laborer who performs his work for the benefit of the owner has no means of knowing that either course will be followed by the owner and contractor, nor of preventing it if he did know. He is assured by the statute that as to his labor he may be protected by a lien. We think the statute imposes upon the owner the duty of knowing that his contract price represents a sum at least sufficient to pay all labor, and the further duty of knowing that no

more than the value of such labor is paid from time to time, in which event there can be no deficit. Any other construction would place it in the power of an owner and contractor in league with each other to render the statute nugatory. It may be said in conclusion that the sentence relied upon may be regarded as dictum. The determination of the case did not rest upon that conclusion.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.