HENRY J. STEWART, *Appellant,* v. LAURA L. PRESTON, ET AL, *Appellees.*

Opinion Filed July 10, 1920.

Petition for Rehearing Denied October 18, 1920.

1. The change in the name of a corporation has no effect whatever upon its property, rights or liabilities. It continues as before, responsible in its new name for liabilities previously contracted or incurred, and has the right to sue on contracts made or liabilities incurred to it before the change.

2. After the name of a corporation has been changed it should, by proper averments to show the change, sue and be sued by its new name.

3. The change in the name of a corporation has no more effect upon its identity as a corporation, than the change in the name of a natural person has upon his identity.

4. Where a person is sued by his wrong name he may appear and defend the action by his correct name.

5. Where a person is sued by a wrong name and he appears and submits himself to the jurisdiction of the court by his true name he is not in default, and a decree *pro confesso* should not be entered against him.

6. When a person is sued by a wrong name and appears by his right name, it is proper to amend the pleadindgs to correspond with the name by which he appears.

7. Where the name of a party is manifestly a charitable, educational or commercial, manufacturing or financial one, such as are usual subjects of incorporation and not one common to copartnerships or individuals, it should import a corporation, and whether it does or not should as a general rule be left to judicial knowledge.

8.  Where a party is sued as a corporation it is not in default because it appears by its name without describing itself as a corporation.

9.  Where a party sued by a wrong name wishes to appear and defend on the merits, he may waive his right to plead in abatement, and by appropriate averments, showing that he is the identical party sued, appear and plead to the merits by his true name.

10. Where a motion is grounded on facts that are neither apparent from the face of the record, or papers on file in the case, nor within the judicial knowledge of the court, it must be supported by affidavits or other proof.

An Appeal from the Circuit Court for Alachua County; James T. Willis, Judge.

Orders affirmed.

*T. B. Ellis, Jr.,* for Appellant;

*Hampton & Hampton,* for Appellees.

JONES, Circuit Judge.—On January 30th, 1918, the appellant filed his bill to remove clouds from title in the Circuit Court for Alachua County against Knickerbocker Trust Company, a corporation, and several other defendants. All the defendants being non-residents of the State of Florida, constructive service by publication was had upon them, the process being returnable on the 4th day of March, 1918. On the return day of the process the following entry of appearance, omitting the venue and style of the case, was filed in the Clerk's office:

"Appearance of Columbia Trust Company,
(Formerly Knickerbocker Trust Company.)

"Comes now Columbia · Trust Company, formerly Knickerbocker Trust Company, by its attorneys, Hampton & Hampton, and appears on this 4th day of March, A. D. 1918.

"HAMPTON & HAMPTON,
"Attorneys for Columbia Trust Co."
"(Formerly Knickerbocker Trust Co.)"

On the return day of the process the complainant, who is the appellant, filed a praecipe for a decree *pro confesso* against all defendants who fail to appear, but the Clerk refused to enter a decree *pro confesso* against Knickerbocker Trust Company, a corporation. The complainant thereupon on March 21st, 1918, filed a motion to the court to enter a decree *pro confesso* against the Knickerbocker Trust Company for failure to appear, but the Chancellor denied the motion. On the rule day in April, a demurrer to the bill was filed, the introductory paragraph of which is as follows: "Comes now the defendant Columbia Trust Company (formerly Knickerbocker Trust Company) a corporation, by its attorneys, Hampton & Hampton, and files this its separate demurrer to the complainant's bill of complaint herein and for cause of demurrer says:"
* * *

After stating the grounds of demurrer, it was signed by Hampton & Hampton as solicitors for defendant Columbia Trust Company (formerly Knickerbocker Trust Company). On April 5th complainant moved the court to enter a decree *pro confesso* against Knickerbocker Trust Company, a corporation, on the ground that said corporation had failed to appear, plead, answer or demur to the bill, which motion was denied by the Chancellor,

whereupon, the complainant moved the court to strike from the files the said demurrer because the Columbia Trust Company is not a party defendant to the bill filed, is a mere intruder and has no standing in court. The motion to strike being denied, the complainant appealed and assigned as errors the ruling of the court upon the several motions.

The correct answer to the question which follows, propounded by counsel for complainant, will solve the main issue presented: "Can a person not named as a defendant in a chancery suit appear in that suit, and, by so appearing, prevent the entry of a decree *pro confesso* for failure to appear against one who is named as a defendant in the suit and who failed to appear?"

It is true as contended by complainant that as a general rule a complainant in equity cannot be compelled to litigate with a third party not made by him a defendant to the bill, but the question propounded and the general rule stated have no application to the facts of this case.

It is not apparent that a party not named as a defendant has appeared to the bill. Knickerbocker Trust Company, a corporation, was sued; Columbia Trust Company, in obedience to the court's process, appears, submits itself to the jurisdiction of the court, and in so doing alleges in substance, by the use of the word "formerly," that it is the identical corporation sued, formerly known as Knickerbocker Trust Company.

The language used in the entry of appearance signifies merely a change of name of the defendant corporation, but no change of its identity. The change in the name of a corporation has no effect whatever upon its property, rights or liabilities. It continues as before, responsible

in its new name for liabilities previously contracted or incurred, and has the right to sue on contracts made or liabilities incurred to it—before the change. After the change it should, by proper averments showing the change, sue and be sued by its new name. The change in the name of a corporation has no more effect upon its identity, as a corporation, than the change in the name of a natural person has upon his identity. 14 C. J, 321; 7 R. C. L. 129; 1 Morawetz on Private Corporations, 354.

If a person is sued and process is served upon him by a right name it is proper to amend the pleadings so as pear and defend the action, neither is he required to appear by a name not his own; but it is his right and his duty to appear by his correct name. The object of the process of the court is to produce the person, not the name by which he may be sued, in court. Under the old English practice the defendant was required to visibly appear in court, and our method of appearance is only a substitute for the ancient practice. When a person is sued by a wrong name and he submits himself to the jurisdiction of the court by his true name he is not in default and decree *pro confesso* should not be entered against him. See Moore v. Lewis, 76 Mich. 300, 43 N. W. Rep. 11. This rule applies to natural persons and corporations alike. Harvey Lumber Co. v. Herriman & Curd Lumber Co., 39 Mo. App. 214.

If a party is sued by a wrong name and appears by his right name it is proper to amend the pleadings so as to correspond with the name by which he appears. 14 Ency. Pl. & Pr., p. 297.

It is argued that the motion for decree *pro confesso* on account of failure to appear should have been granted because in entering appearance Columbia Trust Company

was not described as a corporation, that the words used were without significance, that they do not show the defendant to be a corporation, co-partnership or an individual. It is a well-settled rule that if the name of the party is manifestly a charitable, educational or commercial, manufacturing or financial one, such as are usual subjects of incorporation, and not one common to co-partnerships or individuals, it should import a corporation, and whether it does or not, should, as a general rule, be left to judicial knowledge. St. Cecilia Academy v. Hardin, 78 Ga. 39, 3 S. E. Rep. 305. Without regard, however, to the foregoing rule, it was alleged in the bill that Knickerbocker Trust Company was a corporation, and when Columbia Trust Company, by its appearance, alleged itself to be the former Knickerbocker Trust Co., there was no necessity for further allegation.

The next objection urged by complainant is that if there had been a change in the name of defendant corporation it could not state that fact in the entry of its appearance nor in its demurrer, but the only method by which such fact could be stated was by plea in abatement.

Where a party sued by a wrong name wishes to appear and defend the action on its merit, he cannot be compelled to take advantage of his right to plead in abatement on the ground of the misnomer, but he may waive his right to plead in abatement and by appropriate averments, to show that he is the identical party sued, appear and plead to the merits by his true name.

Where a party sued by a wrong name, by appropriate averments to show that he is the identical party sued, appears and pleads to the merits by his true name, a motion for a decree *pro confesso* for failure to appear by the

name by which he was sued, and a motion to strike the demurrer or plea on the ground that it was the demurrer or plea of an intruder, are properly denied when there is no proof submitted in support of the motions. The motions made by the complainant were not sworn to nor supported by affidavits or other proof.

Where a motion is grounded on facts that are neither apparent from the face of the record, or papers on file in the case, nor within the judicial knowledge of the court it must be supported by affidavits or other proof. 6 C. J. 635; 126 Am. St. Rep. 30, Note: 20 Standard Proc. 30; Blemel v. Shattuck, 133 Ind. 498, 33 N. E. Rep. 277.

The interlocutory orders appealed from should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the Court that the interlocutory orders herein be, and the same are hereby, affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., not participating.