PEOPLE v SEDER

Docket No. 72799. Submitted April 17, 1984, at Lansing.—Decided December 4, 1984.

Allen M. Seder was convicted of writing checks on insufficient funds, Oakland Circuit Court, Frederick C. Ziem, J. He was sentenced to probation, a condition of which was that he make restitution on the checks. Defendant appealed, alleging that he had filed for bankruptcy and that prosecution in an attempt to collect on the debt underlying the checks frustrated the jurisdiction of the bankruptcy court in violation of the Supremacy Clause and that his conviction was void. *Held:*

On the facts, such was not the case. The Supremacy Clause of the United States Constitution does not require the reversal of a conviction for writing checks on insufficient funds and a sentence of probation on the condition of restitution when the debt underlying the bad check has been discharged in bankruptcy where the record reveals that the criminal proceeding was neither begun nor prosecuted as a disguised attempt to collect the underlying debt.

Affirmed.

Criminal Law — Writing Bad Checks — Bankruptcy — Constitutional Law.

The Supremacy Clause of the United States Constitution does not require the reversal of a conviction for writing checks on insufficient funds and a sentence of probation on the condition of restitution when the debt underlying the bad check has been discharged in bankruptcy where the record reveals that the criminal proceeding was neither begun nor prosecuted as a disguised attempt to collect the underlying debt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

References for Points in Headnote
9A Am Jur 2d, Bankruptcy § 777.
21 Am Jur 2d, Criminal Law § 572.

Appellate Counsel, and *Margaret G. Horenstein,*
Assistant Prosecuting Attorney, for the people.

*Law Offices of H. Wallace Parker, P.C.* (by *H.
Wallace Parker),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and CYNAR
and T. GILLESPIE,* JJ.

PER CURIAM. Defendant was convicted by a jury
of writing an insufficient funds check, MCL
750.131; MSA 28.326. He was sentenced to three
years probation, the first 30 days to be spent in
jail, and was assessed $1039.30 restitution and
$600 costs. Defendant appeals as of right.

Defendant operated a small business dealing in
the retail sale of fresh flowers. Complainant Mi-
chael Alexander is a wholesale florist who had
been defendant's principal supplier. On October 9,
1982, complainant received a check from defen-
dant for $499.85; this check was returned about 10
days later for nonsufficient funds. Three other
checks obtained by complainant from defendant in
the preceding weeks had also bounced. The total
face value of these four checks was $1039.30.

Complainant contacted defendant shortly after
the October 9 check was returned, and defendant
gave his assurance that the matter would be recti-
fied. Defendant recalled having two meetings with
complainant during late October, and testified that
at one such meeting he informed complainant that
he intended to file for bankruptcy. Complainant
asserted that when defendant did not make good
on his promise to correct the problem, he at-
tempted to contact defendant at his home only to
find that he had moved out. Complainant had also
attempted to notify defendant by registered mail

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that if payment were not forthcoming he would turn the matter over to the police.

Complainant took his four bad checks to Officer William Sherman of the Royal Oak Police Department on November 5, 1982.

Shortly thereafter defendant offered complainant $500 to pay the checks off. When complainant reminded him that the checks represented slightly over $1000, defendant said he could pay the rest later. Defendant, however, also owed complainant about $600 on account. Complainant told defendant that he wanted the account paid off first; complainant explained at trial that he was concerned about the impact of bankruptcy on the account. Complainant also feared that if he accepted an amount less than the face value of the checks he might not be able to get the remainder. For these two reasons, complainant did not accept the $500 as part payment on the checks.

Defendant balked at the suggestion that the money be applied to the account, stating that he would have to consult with his attorney first. The meeting ended in a stalemate.

Defendant later telephoned complainant and renewed his earlier offer, but complainant declined to accept. On cross-examination, complainant testified that he never told defendant he would dismiss the criminal case if full payment were rendered. Instead, he told defendant that the criminal proceeding was "out of his hands".

The complaint and warrant in this matter are dated November 30, 1982, but defendant was arrested on December 15, 1982. According to defendant's brief on appeal, defendant filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code on the day of his arrest. At trial, defendant testified that the filing

was made on December 2 or 3. The petition was not made a part of the record.

One of the issues raised by defendant at trial was that complainant attempted to use this criminal action to coerce defendant into making payment; defendant wanted an instruction to the effect that such misuse of criminal process could reflect on complainant's credibility. Instead, the judge told the jury "that a person cannot use the criminal law to compel the payment of a debt". The jury convicted defendant anyway.

The sole argument rendered by defendant on appeal is this: "The complainant's use of state criminal process in order to frustrate the jurisdiction of the federal bankruptcy court was in violation of the supremacy clause of the constitution of the United States and therefore renders the defendant's conviction null and void."

With certain limited exceptions, a bankruptcy petition operates as a stay of proceedings to recover claims against the debtor. 11 USC 362(a). However, under 11 USC 362(b)(1), the filing does not stay "the commencement or continuation of a criminal action or proceeding against a debtor * * *". See *In re Bray*, 12 BR 359 (Bkrtcy, MD Ala, 1981).

Defendant's argument is grounded on the principle that state action tending to frustrate federal law under the Bankruptcy Act is precluded under the supremacy clause. In *Perez v Campbell*, 402 US 637; 91 S Ct 1704; 29 L Ed 2d 233 (1971), for example, the Supreme Court struck down a state motor vehicle statute allowing suspension of a driver's operating permit and registration if a judgment against the motorist remained unsatisfied for 60 days, even if the judgment was discharged in bankruptcy.

In a similar vein, a creditor may be enjoined

from continuing criminal proceedings against a bankrupt debtor where the complainant is motivated solely by a desire to collect on bad checks through the threat or use of criminal process. *In re Lake,* 11 BR 202 (Bkrtcy, SD Ohio, 1981). In our case defendant never sought to enjoin the prosecution, but rather seeks to use supremacy principals in an effort to set aside his criminal conviction on direct appeal. Even if this were permissible, a matter upon which we express no opinion, defendant's argument fails on the facts before us.

Complainant turned this matter over to the police well in advance of defendant's bankruptcy filing. Moreover, complainant did not try to use his criminal complaint to coerce payment in full when defendant tried to settle the checks. He never told defendant that he could or would seek dismissal of the charges if full restitution was made, and insisted that the criminal matter was "out of his hands". Finally, we find no evidence that the county prosecutor proceeded with this case in bad faith, for purposes of harassment, or to act as a collection agent for complainant. See *In re Trail West, Inc,* 17 BR 330 (Bkrtcy, SD, 1982); *In re Cornmesser,* 1 BR 482 (ED Tenn, 1978). Under these circumstances neither the prosecution nor the restitution award were subject to prohibitory injunction. See *In re Magnifico,* 21 BR 800 (Bkrtcy, Ariz, 1982); *Matter of Davis, Jr.,* 15 BR 442 (Bkrtcy, Del, 1981).

Affirmed.