GERBIG v WHITE MOTOR CREDIT CORPORATION

Docket No. 99490. Submitted October 21, 1987, at Lansing. Decided
    December 21, 1987.

    Dale and Valerie Gerbig brought an action in Gogebic Circuit
    Court against White Motor Credit Corporation and others.
    Plaintiffs sought damages for personal injuries allegedly in-
    flicted by defendants in their efforts to repossess a truck in
    plaintiffs' possession. The trial court, William G. Cloon, J.,
    dismissed the complaint for lack of progress and denied a
    subsequent motion by plaintiffs to reinstate the action. Plain-
    tiffs appealed.

        The Court of Appeals held:

        Plaintiffs failed to show good cause for the reinstatement of
    their action with their claim that a bankruptcy petition filed by
    defendant White Motor Credit Corporation was the reason for
    the lack of progress. The allegedly injurious conduct by defen-
    dants occurred after the filing of defendant White Motor Cred-
    it's bankruptcy petition and cannot serve as a basis for a stay
    of proceedings or good cause for lack of progress.

        Affirmed.

1. MOTIONS AND ORDERS — REINSTATEMENT OF DISMISSED ACTIONS —
    APPEAL.

    The reinstatement of a cause of action dismissed for no progress
    is within the discretion of the trial court and its determination
    will not be disturbed on appeal absent an abuse of discretion
    (MCR 2.502[C]).

2. ACTIONS — STAY OF PROCEEDINGS — BANKRUPTCY.

    An action involving a defendant debtor's activities occurring after
    he files a petition in bankruptcy is not subject to the automatic
    stay provision of the bankruptcy code (11 USC 362).

REFERENCES

Am Jur 2d, Bankruptcy §§ 38, 453 et seq.
Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 71 et seq.;
    78-83, 89.
Stay of judgment or order of referee pending appeal, under Rule
    805 of Rules of Bankruptcy. 44 ALR Fed 896.
Effect of nonsuit, dismissal, or discontinuance of action on previous
    orders. 11 ALR2d 1407.

*Wisti & Jaaskelainen, P.C.* (by *Douglas S. Edwards*), for plaintiffs.

*Jacobs, McDonald, Silc, McDonald & Fauerbach, P.C.* (by *Gary F. Silc*), for defendants.

Before: M. J. KELLY, P.J., and DOCTOROFF and J. T. CORDEN,* JJ.

PER CURIAM. Plaintiffs appeal from a March 20, 1987, order of the trial court denying their motion to reinstate their cause of action. We affirm.

In essence, plaintiffs' claims are for personal injuries arising out of the attempted repossession on May 26, 27 and 28, 1981, of a truck in plaintiffs' possession. A complaint was filed on August 21, 1981. Pretrial discovery began and a summary of the pretrial conference was filed on January 28, 1983. However, since September 26, 1984, when plaintiffs failed to appear and show cause why they should not be cited for contempt for failing to comply with an order to produce, no progress took place in this case. Consequently, on November 3, 1986, plaintiffs were ordered to show cause why this case should not be dismissed for lack of progress. Eventually, on February 23, 1987, because the parties had failed to show that progress was in fact being made, or that the failure to prosecute was not due to the fault or lack of reasonable diligence of the party seeking relief, the trial court ordered the action dismissed without prejudice for lack of progress. Plaintiffs' motion to reinstate the action was denied on March 20, 1987.

On appeal plaintiffs contend the trial court abused its discretion by denying the motion to reinstate the claim. The reinstatement of a cause of action dismissed for no progress is within the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

discretion of the trial court and its determination will not be disturbed absent an abuse of discretion. See *Heaney v Verson Allsteel Press Co, Inc,* 64 Mich App 597; 236 NW2d 155 (1975). Plaintiffs argue that since they provided good cause for reinstatement of their action, the trial court abused its discretion.

MCR 2.502(C) provides:

> Reinstatement of Dismissed Action. On motion for good cause, the court may reinstate an action dismissed for lack of progress on terms the court deems just. On reinstating an action, the court shall enter orders to facilitate the prompt and just disposition of the action.

Plaintiffs' basis for claiming good cause for reinstatement is that there was no progress in this case because defendant White Motor Credit Corporation was involved in Chapter 11 bankruptcy proceedings. Such proceedings afford a debtor the protection of the automatic stay provision of 11 USC 362, which provides in part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 USC 78eee(a)(3), operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . .

There is no record or evidence in the lower court

file that reflects the fact that White Motor Credit Corporation was involved in bankruptcy proceedings or when it became so involved, other than plaintiffs' counsel's assertion that this was the case at the hearing on the motion to reinstate. In this appeal, defendants agreed that White Motor Credit Corporation had filed a Chapter 11 petition, but had done so on September 4, 1980.

"With certain limited exceptions, a bankruptcy petition operates as a stay of proceedings to recover claims against the debtor." *People v Seder,* 139 Mich App 380, 383; 362 NW2d 289 (1984). However, " 'Generally, proceedings . . . involving post petition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the stay . . . .' " See *Elliot v Hardison,* 25 BR 305 (ED Va, 1982), quoting Collier, Bankruptcy (15th ed), ¶ 362.07[B].

Here, because the actions which support plaintiffs' complaint were postpetition, the automatic stay provision of 11 USC 362 was not applicable and it therefore did not provide a good reason for no progress in this case and could not be used as a basis for showing good cause for reinstatement purposes. The trial court did not abuse its discretion.

Affirmed.