ALBERT KEES, AS NEXT FRIEND OF EDWARD FASSETT, V. MANLEY MAXIM.

*Infants—Suit by next friend—Pleading—Justices' courts—Certiorari—Judgment—Appeal.*

1. The usual and proper course is to entitle a cause in which an infant is the real plaintiff in the name of the infant by his next friend, naming him, but it does not necessarily follow that a strict compliance with this rule is indispensable to the validity of the proceeding.

2. The next friend of an infant plaintiff has no interest in the

case that disqualifies his brother, who is appointed by the justice to serve the summons, from making such service.

3. On *certiorari* from a justice's judgment rendered in favor of the plaintiff without naming him, in a suit brought in the interest of an infant, as the record clearly shows, but in which the defendant was commanded in the summons "to answer to A. K., as next friend to E. F.," it is the duty of the circuit court to render judgment for the amount found by the justice to be due in favor of the infant plaintiff, under How. Stat. § 7044, which provides that the court shall proceed to give judgment as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice, which did not affect the merits.

4. Where, on *certiorari* from justice's court, the judgment of affirmance runs by inadvertence in favor of the next friend in his individual capacity, and the only complaint made by the defendant is that the judgment will not preclude the infant from bringing another suit, he should have asked the circuit court to amend the judgment, and on affirmance of the circuit court judgment the amendment will be directed to be made.

Case made from Osceola. (Judkins, J.) Submitted on briefs February 14, 1894. Decided March 27, 1894.

*Assumpsit.* Defendant assigns error. Judgment modified and affirmed. The facts are stated in the opinion.

*Sawyer & Bishop*, for appellant.

*C. M. Beardsley*, for plaintiff.

HOOKER, J. Maxim was sued in justice's court by summons, of which a copy follows, viz.:

"STATE OF MICHIGAN, } ss.
  "County of Osceola. }

"In the name of the People of the State of Michigan, you are hereby commanded to summon Manley Maxim, if he shall be found in your county, to appear before me, one of the justices of the peace in and for said county, at my office in the township of Sherman, in said county, on the 3d day of January, A. D. 1893, at 10 o'clock in the

forenoon, then and there to answer to Albert Kees, as next friend to Edward Fassett, in a plea of trespass on the case upon promises, to his damages $300 or under. Hereof fail not, but of this writ, with your doings, make return according to the law.

"Given under my hand, at the township of Sherman, this 26th day of December, A. D. 1892.

"GABRIEL COLE, Justice of the Peace."

"I hereby appoint Samuel Kees to serve the within summons.

"GABRIEL COLE, Justice of the Peace."

Samuel Kees was a brother of Albert Kees, mentioned as next friend in the writ. The return was as follows:

"Before Gabriel Cole, justice of the peace.

"I hereby certify and return on the 28th day of December, A. D. 1892, I served the within summons personally on the defendant therein named by delivering to him a true copy thereof.

"SAMUEL KEES."

The defendant appeared specially, and moved to dismiss, for the reason "that no person had been properly appointed to serve said summons, nor had the same been served by any officer of said county, nor was there any return upon said summons, properly made, showing any service whatever thereof."

The motion being denied, a declaration was filed, to which defendant refused to plead, and a judgment was rendered in "favor of the plaintiff and against the defendant," etc. Defendant thereupon removed the cause by *certiorari* to the circuit court, alleging error as follows, viz.:

"1. The said justice erred in holding that the said summons was properly served, and that the appointment of Samuel Kees to serve the same was sufficient as a matter of law.

"2. That said justice erred in holding that the summons was sufficient to give him jurisdiction to try a case between Edward Fassett and Manley Maxim, when the plaintiff in said summons named was Albert Kees.

"3. That said justice erred in not rendering a judgment of no cause of action, when the evidence disclosed the fact that Manley Maxim did not owe Albert Kees any sum whatever."

The circuit judge affirmed the judgment of the justice by the following entry:

"This cause having been duly brought to argument in this court, and the record and proceedings as well as the judgment given in the court below being seen, and by the court now here fully understood, and mature deliberation being thereupon had, and it appearing to the said court that there is no error affecting the merits of the controversy between the parties, either in the record and proceedings or in giving the judgment aforesaid, therefore it is considered that the judgment aforesaid, in the form aforesaid given, be in all things affirmed, and stand in full force and effect; and it is further considered that the said Albert Kees, defendant in error, do recover against the said Manley Maxim, plaintiff in error, $30.85, being the amount of his damages and costs recovered by him in the court below, and also the interest thereon from the date of the said recovery, amounting to $31.50, together with his costs and charges by him in this behalf expended to be taxed; and that the said Albert Kees have execution thereof.

"Read, approved, and signed in open court.

"J. B. JUDKINS, Circuit Judge."

The case is brought here upon case made, the appellant assigning as error:

1. That the court erred in holding that the summons was sufficient to give jurisdiction to determine a difference between Fassett and Maxim.

2. That the circuit court erred in not rendering a judgment of no cause of action when the return of the justice showed that Maxim did not owe Kees.

3. That the circuit court erred in rendering a judgment in favor of Kees when the indebtedness was due to Fassett.

4. That the court erred in holding it proper that the suit should be prosecuted in the name of the next friend, instead of the infant.

The usual and proper course is to entitle a cause in the name of the infant by his next friend, but it does not necessarily follow that a strict compliance is indispensable to the validity of the proceedings.

It is plainly apparent from the face of the summons that Albert Kees was prosecuting in the capacity and character of next friend of Fassett. That being so, he had no interest in the case that would disqualify his brother from serving the writ.

The judgment of the justice was not in favor of Kees. by name. It was in favor of the plaintiff, and, as the record clearly showed, was in the interest of the infant. There was, therefore, no ground upon which the circuit judge could properly reverse the case, under the statute (How. Stat. § 7044), which made it his duty to render judgment for the amount found by the justice to be due in favor of the infant plaintiff. The entry of judgment was probably by inadvertence in favor of Kees, defendant in error, without specifying the capacity in which he acted. A better entry would have been in the name of the infant; but the judgment is not void, being amendable. The only excuse that defendant makes for complaining of the judgment is that it would not preclude the infant from bringing another suit. He should have asked the court to amend it.

The cause will be remanded, with direction to the circuit court to amend the judgment by inserting therein the name of Edward Fassett, plaintiff, in place of Albert Kees. Plaintiff will recover costs as upon affirmance.

The other Justices concurred.