## NIELSEN v. HENRY H. STEVENS, INC.

1. TRESPASS—CONSTANT PRESENCE OF TRESPASSERS KNOWN TO POS-
SESSOR OF LAND.
   A possessor of land who knows, or from facts within his knowl-
   edge should know, that trespassers constantly intrude upon a
   limited area thereof, is subject to liability for bodily harm
   there caused to them by his failure to use due care while en-
   gaged in carrying on an activity involving a risk of death
   or serious bodily harm.

2. AUTOMOBILES—BICYCLES—MINORS—NEGLIGENCE—INSTRUCTIONS.
   Instruction given by trial judge in actions by plaintiff father,
   individually and as guardian of his injured son, 7 years of
   age at time of collision with defendant's truck while riding
   bicycle on latter's property, whereby jury was told that the
   only obligation that defendants owed the boy "was not to
   wilfully and wantonly injure him" held, reversible error not-
   withstanding a subsequent correct charge as to active negli-
   gence.

3. SAME—BICYCLES—MINORS—PARENTS—INSTRUCTIONS.
   Failure of trial court to charge that 7-year-old bicyclist's parents
   were not responsible for the accident their boy had with de-
   fendant's truck, following argument by defendant's counsel
   that the parents had been wrong in buying a bicycle for a
   7-year-old boy, held, error, the whole argument being irrelevant.

4. SAME—VERDICTS—WEIGHT OF EVIDENCE.
   Verdicts for defendant driver and owner of truck in actions aris-
   ing from injuries to 7-year-old bicyclist while on owner's prem-
   ises held, not against the clear weight of the evidence.

5. SAME—WILFUL AND WANTON MISCONDUCT—REQUEST TO CHARGE—
EVIDENCE.
   Evidence presented in actions resulting from injuries to 7-year-
   old bicyclist received on premises owned by owner of truck
   with which boy had collided held, insufficient to support request
   to charge wilful or wanton misconduct on part of defendants.

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted October 9, 1959. (Docket Nos. 23, 24, Calen-
dar Nos. 47,761, 47,762.) Decided February 26, 1960.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Negligence § 112.
[3] 38 Am Jur, Negligence § 207.

Companion cases by Farrell J. Nielsen, as guardian of David Thomas Nielsen, a minor, and in his own right, against Henry H. Stevens, Inc., a Michigan corporation, and John Katona for personal injuries and medical expense arising from collision of truck and bicycle on defendant corporation's property. Verdicts and judgments for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Maile, Leach & Silver,* for plaintiff.

*Ransom & Fazenbaker,* for defendants.

Edwards, J.  In this case plaintiff appeals from a jury verdict, claiming primarily that the trial judge's charge dealing with defendants' duty to a trespassing child was fatally erroneous.

Plaintiff is the father of David Thomas Nielsen, a minor, who was 7 years old at the time of this accident on Saturday, October 6, 1951. Plaintiff sues as guardian of the boy to seek recovery for his injuries, and in his own right to recover for hospital and doctor bills.

The facts in this record reveal that the injury to the boy took place when a truck owned by defendant Stevens, Inc., and driven by defendant Katona, and a bicycle on which David was riding collided in a concrete areaway owned by defendant Stevens. Plaintiff's testimony was to the general effect that the truck hit the boy, and the defendants' that the boy rode his bicycle into the left rear of the tractor-trailer which defendant Katona was driving.

The portion of the judge's charge objected to reads as follows:

"I charge you that mere toleration of a trespass does not alone constitute a license and certainly not an invitation. The minor here as a child of tender years has no greater rights as a trespasser or a licensee, than does an adult, and *the only obligation*

*that defendants owed to him was not to wilfully and wantonly injure him."* (Emphasis supplied.)

This language did indeed come from some prior Michigan case law. See *Ryan* v. *Towar,* 128 Mich 463 (55 LRA 310, 92 Am St Rep 481) ; *LeDuc* v. *Detroit Edison Co.,* 254 Mich 86. The judge's charge was delivered on January 30, 1958. This Court has subsequently dealt with this problem in 2 cases : *Lyshak* v. *City of Detroit,* 351 Mich 230, and *Swanson* v. *City of Marquette,* 357 Mich 424. The effect of these cases is clearly to overrule the language upon which the trial judge had relied.

In *Lyshak,* as in the instant case, the Court was dealing with a fact situation where plaintiff alleged active negligence on the part of the defendant toward a minor child whose presence on defendant's property in a place of danger was known to defendant. The cardinal rule stated in *Lyshak,* we believe was that adopted from 2 Restatement, Torts, § 334:

"A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area thereof, is subject to liability for bodily harm there caused to them by his failure to carry on an activity involving a risk of death or serious bodily harm with reasonable care for their safety." *Lyshak* v. *City of Detroit, supra,* 249, 254.

See, also, *Herrick* v. *Wixom,* 121 Mich 384, 388 (6 Am Neg Rep 576).

We recognize that subsequent to the paragraph we have quoted from the trial judge's charge, he also gave a charge pertaining to active negligence which was in general accord with the *Lyshak* rule. However, since he directed the jury (we think correctly from this record) that the accident took place on private property, the jury may well have felt that

they were compelled to return the verdict they did return.

Appellant also contends that the trial judge erred in not instructing the jury that David's parents were not responsible for the accident. The occasion pointed to for this claim is the closing argument of defendants' counsel wherein he asserted that David's parents were wrong in buying a bicycle for a 7-year-old boy. He made no claim that this action constituted contributory negligence in either case but asserted that plaintiff's counsel opened the door to this topic in his jury argument. A review of the material objected to convinces us that the whole argument was quite irrelevant and that the trial judge should have said so.

Other questions posed by appellant would not occasion reversal. The verdict was not against the clear weight of the evidence and we find nothing in the evidence to support a request for a charge as to wilful or wanton misconduct.

We reverse for new trial under the *Lyshak* and *Swanson* rules. Costs to appellant.    :  ;

DETHMERS, C. J., and CARR, KELLY, SMITH, and KAVANAGH, JJ., concurred with EDWARDS, J.

BLACK, J. (*concurring*). I agree, for reasons given in the opinion of the Court, that the trial judge's unqualified instruction (that "the only obligation that defendants owed him was not to wilfully and wantonly injure him"), applicable as it was to both cases, constitutes error reversible of both cases. I do not agree, however, with the Court's indiscriminate and quite inconclusive treatment of the subject of parental contributory negligence. To say—without reason or reference to authority—that defense counsel's argument upon the latter subject "was quite irrelevant and that the trial judge could properly have

said so," and to hold nevertheless that failure of indicated instruction was not prejudicial, is to pave an open way for more error on retrial.

The unvarnished fact is that omission of unequivocal instruction as requested, either in the language of plaintiffs' request No. 3 or the legal substance thereof, amounts—alone and by itself—to error calling for reversal of the judgment in the plaintiff infant's case. We should say so, in precedentary words, the better to halt the perceptibly crescent practice of giving common instructions in consolidated jury-tried cases when distinctive instructions for each are due as a matter of law.

Before us are 2 separate rights of action. They arise together from the same factual circumstances, yet differ markedly by force of rules governing sustenance in court of each right. The first of such rights belongs to a little boy; not his parent, guardian, or next friend. He is the legal plaintiff in his case and is the real party in interest. The other, on these proofs, belongs to and is sued upon by the boy's father, a properly separate plaintiff. In the first the plaintiff's damages, if recoverable, are direct and personal. In the other such damages are consequential. In the first case contributory negligence of the parent, if any, is a matter of totally prejudicial misguidance if it is permitted to seep into the jury room. In the other it will, if established, bar recovery by the parent seeking such consequential damages.

These firmly established principles of the law of torts and damages (*Shippy* v. *Village of Au Sable,* 85 Mich 280; *Boehm* v. *City of Detroit,* 141 Mich 277; *Feldman* v. *Detroit United Railway,* 162 Mich 486; *Love* v. *Detroit, J. & C. R. Co.,* 170 Mich 1; *Gumienny* v. *Hess,* 285 Mich 411; *Hopkins* v. *Lake,* 348 Mich 382, 392) are seemingly and occasionally overlooked in modern days of docket-pressured trial consolidations. They should not be, assuredly, when the con-

ceded failure of due instruction results in improper submission, to a jury, of the law governing recovery by an infant for actionable negligence.

Let me say it plainly: Save only as presently indicated the only liability question in the boy's case is whether the defendants are guilty of causal negligence as charged. If that question should be resolved affirmatively, then no issue of contributory fault will remain,* and the boy by law and consequent jury instruction will be entitled to an award of damages. The reverse is true—in pivotal part—of the other case, and so is pointed up the need for specifically separate instructions upon legally unlike causes the court has consolidated for jury trial.

Now let me turn to the facts which should be determinative of the question whether this second error —below—was harmless or prejudicial. Defendants' counsel repeatedly stressed in jury argument, manifestly with telling effect against the boy's case, what appears to have been the principal jury-defense of *both cases,* that is, the parents of the boy were "to blame" for "this accident." The point was not just touched upon and left. It was played back and forth from top to bottom of the oratorical scale. Reference was made to the before-accident fact that the boy was "a nervous child"; that he had to be taken "to the Mott Foundation Clinic"; that the parents "live on this truck route where these trucks are going through there"; that they live "across the street from a moving and storage company"; that the boy was

---

* There is the possible exception, of course, of contributory negligence on the part of the boy. Since the cases must go back for retrial I think it well to point out that he, the boy, had just entered the age-realm where his contributory negligence, if any, could become a question of fact (he was 7 years and 1 month old at the time). He is entitled—if the facts warrant submission of the question at all—to careful instruction that the law exacts of a child of such years but a limited degree of care to protect himself from injury. Compare the respectively thorough opinions of *Tyler* v. *Weed,* 285 Mich 460.

"not a normal child"; that they bought him a bicycle (with training wheels) and "gave it to him on his seventh birthday"; that the parents gave him 2 more bicycles in the years intervening between accident and trial* and, summing up:

"It all reasons out, but I did go beyond that, and I don't know it isn't nice to criticize parents for helping their child, and I mean it in the right way, but to me I think the parents were wrong to get those bicycles."

These cases having been ordered back for proper trial, I would hold that the trial judge enjoyed no discretion whatever with respect to requested instructions aimed toward freeing the boy's case from argument of and jury-consideration of contributory negligence of his parent or parents. Indeed, considering the independent obligation of trial judges to protect the rights of litigant infants whenever those rights are in issue, a peremptory instruction should— whether requested or not—have been given to effect that the issue in the boy's case was simply that of presence or absence of actionable negligence as defined by the court and, if such negligence be found, that the parents did not by any act or omission on their part affect the boy's right to recover.

I concur in reversal for stated reasons.

ADDENDUM (February 23, 1960):

The foregoing dissent was prepared and delivered to members of the Court under the date of February 11, 1960. Since then the Court's opinion has been amended so that this passage has been deleted therefrom:

"A review of the material objected to convinces us that the argument was quite irrelevant and that the

---

* This, it would seem, must be classed as parentally contributed negligence *after the fact of injury*. The legally contributory nature thereof has not as yet been explored in the law of torts.

trial judge could properly have said so.   We cannot, however, view the material cited as so prejudicial that failure to instruct thereon was error which affected the outcome of the trial.   See *Rouse* v. *Gross,* 357 Mich 475."

This explains my reason for writing that failure below to grant request No. 3 amounted to reversible—not harmless—error.

SOURIS, J., took no part in the decision of this case.