KAMIENIECKI v. GARDEN CITY HOSPITAL, OSTEOPATHIC.

1. DISMISSAL AND NONSUIT—STIPULATION—ORDER OF COURT—AN-
   SWER.
   A plaintiff may dismiss his action without order of the court or
   stipulation only if done before defendant has filed an answer
   (GCR 1963, 504.1[1]).

2. SAME—ANSWER—PRETRIAL CONFERENCE.
   Trial court's denial of plaintiff's motion to dismiss and applica-
   tion for nonsuit that was filed after defendants had filed their
   answer and following pretrial conference *held*, not error (GCR
   1963, 504.1[1]).

3. INFANTS—GUARDIAN AD LITEM—APPOINTMENT.
   Making and entry after trial of written *nunc pro tunc* order
   appointing a next friend for 4-year-old child plaintiff in action
   of malpractice, was not error, where judge had orally made the
   identical order, in open court, before trial.

4. COURTS—JURISDICTION—APPOINTMENT OF NEXT FRIEND FOR IN-
   FANT PLAINTIFF.
   The validity of proceedings and jurisdiction of the court in
   malpractice action by 4-year-old child were not defeated by
   the fact that a next friend had not been appointed at an
   earlier stage in the proceedings than at the *commencement
   of trial* and it was not reversible error to proceed to trial then
   under the circumstances.

5. TRIAL—COLLOQUY BETWEEN COURT AND COUNCIL—UNDUE INTER-
   FERENCE.
   Colloquy between court and counsel for plaintiff in nonjury
   malpractice case, wherein plaintiff had sought to be nonsuited

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Dismissal, Discontinuance, and Nonsuit § 28.
  Stage of trial at which plaintiff may take voluntary nonsuit, dis-
  missal, or discontinuance. 126 ALR 284.
[3, 4] 27 Am Jur, Infants §§ 116, 117.
[5] 53 Am Jur, Trial §§ 88–90.

*held,* not to have revealed reversible error respecting claimed undue interference and severe attitude towards plaintiff's counsel which hindered attorney-client relationship and resulted in plaintiff parent, next friend of 4-year-old child involved in malpractice action, refusing to return to court, thereby impeding proper presentation of the cause by plaintiff's counsel.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted January 7, 1965. (Calendar No. 20, Docket No. 50,625.) Decided April 9, 1965.

Declaration by Christine M. Kamieniecki, by her next friend Joseph D. Kamieniecki, against the Garden City Hospital, Alexander Kovac, and Lloyd Mrstik for alleged malpractice in the treatment of the plaintiff. Judgment for defendants. Plaintiff appeals. Affirmed.

*Earl T. Prosser* and *James W. Cowell,* for plaintiff.

*Feikens, Dice, Sweeney & Sullivan* (*Robert E. Dice,* of counsel), for defendants.

DETHMERS, J. This is a malpractice suit brought by Joseph D. Kamieniecki as next friend for his 4-year-old daughter, Christine M. Kamieniecki, through and by his attorney, Earl T. Prosser, on February 15, 1961. The attorney filed a declaration on March 15, 1961. On March 25, 1961, defendants filed their answer. On November 8, 1962, the court filed a summary of the results of a pretrial conference. Although no reference is made therein to the matter of appointment of a next friend for plaintiff, the attorney for plaintiff says that he then learned that, through inadvertence, no petition for appointment of a next friend or guardian had been filed and moved, on the ground that the court was,

therefore, without jurisdiction, for a nonsuit. That motion was denied. On January 11, 1963, this Court denied plaintiff's application for a writ of mandamus to restrain the trial court from going to trial for the reason just stated. At time of pretrial, the court said it would appoint one John L. Potter, an attorney, as plaintiff's next friend. On the date set for trial, January 21, 1963, plaintiff's attorney informed the court that the child's parents had told him not to proceed with the trial. This was apparently due to the court's having denied a motion to add new parties defendant, which also appears to account for plaintiff's motion for nonsuit, which was denied. The court then asked the father, who had instituted this suit and was named as next friend in the declaration and who was then present in court, whether he wished to act as next friend and he answered that he did not. The court then stated that he was appointing attorney John L. Potter, present in court, next friend, as he had announced at pretrial that he would do. This occurred before the trial commenced. At the conclusion of the trial, 3 days later, on January 24, 1963, an order was presented to and signed by the judge and entered, appointing Potter next friend, *nunc pro tunc,* as of January 21, 1963, when the trial had commenced.

Under GCR 1963, 504.1(1), plaintiff may dismiss his action without order of the court or stipulation only if done before defendant has filed an answer. Such was the requirement of Court Rule No 38 of the old rules, construed in *Pear* v. *Graham,* 258 Mich 161. It was there held that the rule covered both plaintiff's motion to dismiss and application for nonsuit, and that denial thereof, under circumstances similar to those at bar, was not an abuse of discretion. Denial of plaintiff's motion for nonsuit, made after defendants' answer had been filed in the instant case, was not error.

The court's making and entry, after trial, of the written *nunc pro tunc* order appointing next friend was not error inasmuch as the judge had orally made the identical order, in open court, before trial. *Freeman* v. *Wayne Probate Judge*, 230 Mich. 455.

The validity of the proceedings and jurisdiction of the court in the premises is not defeated by the fact that a next friend had not been appointed at an earlier stage in the proceedings. *Kees* v. *Maxim*, 99 Mich. 493.

We hold, accordingly, that there was no reversible error committed in connection with the matter of appointment of next friend nor in proceeding to trial as done here.

The second statement of questions involved in this appeal in plaintiff's brief, reads as follows:

"Is it reversible error for a trial court to exercise undue interference and severe attitude towards plaintiff's counsel which hindered attorney-client relationship, resulting in plaintiff's refusing to return to court and impeding proper presentation of the cause by plaintiff's counsel."

In the brief's statement of facts it appears that some controversy arose between the court and plaintiff's counsel as to whether the court had jurisdiction and could proceed to trial under the situation relating to next friend, as above outlined, and as to whether counsel was the attorney for plaintiff, which he then disclaimed, or could withdraw from the case, inasmuch as he had no arrangement with the next friend appointed by the court. The court ordered the trial to proceed and counsel to act as plaintiff's attorney, and indicated that counsel was coming close to contempt of court. We think counsel's attempt to play horse with the court after starting a case for plaintiff and then pretending, after denial of his motion for nonsuit, that he had no client and

no case in court, bordered on just exactly that. In his brief, under the heading of argument of the last above stated question, the following appears:

"Plaintiff appellants believe that they have accurately set forth in this brief under *Statement of Facts* the events which took place between the trial court and plaintiff's counsel. However, we do not believe that recounting these events or discussion of case law in relation to same, would serve any precedential purpose, nor would any benefit accrue to the bench, bar, or the public in the reviewing the evidence and law upon this subject, as the transcript of evidence in the brief appendix of what transpired in the trial court, speaks for itself."

We agree that neither bench, nor bar, nor the public would be benefited, nor would any precedential purpose be served by a setting forth or discussion of the colloquy between court and counsel in this connection. Suffice it to say that after examination of the record in this nonjury case and of plaintiff's claims of error in that regard, we find no reversible error.

The judgment for defendants is affirmed, with costs to them.

T. M. KAVANAGH, C. J., and KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with DETHMERS, J.

BLACK, J., concurred in result.