BOLSTER V MONROE COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 117422. Submitted June 19, 1991, at Detroit. Decided
December 30, 1991, at 9:15 A.M. Leave to appeal sought.

Arthur W. Bolster, for himself and as next friend of his minor
children Renee Bolster and Douglas Bolster, and Diane Bolster
brought a negligence action in the Monroe Circuit Court
against the Monroe County Board of Road Commissioners and
others after sustaining injury in a collision between their truck
and a train. The Bolsters were represented by attorney Peter J.
Betrus, who conducted no discovery and responded to the
defendants' discovery efforts only when compelled by the court.
Arthur Bolster subsequently withdrew as next friend of the
children because of possible conflicts of interest arising from his
status as a counterdefendant. The court ordered Betrus to find
someone other than Diane Bolster to serve as next friend.
Betrus failed to comply with this order and an order directing
him to file a statement of economic damages. The defendants
eventually obtained a dismissal for lack of progress, and the
court, William F. LaVoy, J., denied the plaintiffs' motion to
reinstate the action. The plaintiffs appealed, claiming in part
that actions taken by the trial court with respect to the
children's claims after they no longer had a next friend were
null and void because the children also were no longer repre-
sented by an attorney.

The Court of Appeals held:

1. MCR 2.117(C)(2) provides that an attorney who has entered
an appearance for a party may withdraw from the action or be
substituted only on order of the court. In this case, after
Arthur Bolster withdrew as next friend, Betrus continued as
counsel for the children and in fact pursued the children's
interest through mediation. The children were at all times
represented by an attorney.

2. The trial court did not abuse its discretion in dismissing
the action on the basis of lack of progress and in refusing to
reinstate the action. The plaintiffs failed to show that they
were making progress in the case or that their failure to
prosecute was not due to their own fault or lack of reasonable

diligence. MCR 2.502(B)(1). The plaintiffs also failed to show good cause for a reinstatement of their action. MCR 2.502(C).
Affirmed.

*P. J. Betrus,* for Arthur W. Bolster and Dianne Bolster.

*Braunlich, Russow & Braunlich* (by *William H. Braunlich*), for Monroe County Board of Road Commissioners.

*Bodman, Longley & Dahling* (by *James A. Smith* and *Diane L. Akers*), for Detroit, Toledo & Ironton Railroad Company.

*Ready, Sullivan & Ready* (by *Thomas D. Ready* and *Dwight R. Robinson*), for Judy Fidel and John Doe.

Before: MARILYN KELLY, P.J., and WAHLS and SHEPHERD, JJ.

PER CURIAM. This action stems from a collision between a train and a pickup truck on December 3, 1974. In March 1987, the trial court dismissed the suit without prejudice for lack of progress. MCR 2.502(B)(1). Plaintiffs Diane Bolster and her two children, Renee and Douglas, appeal as of right from an order entered April 19, 1989, denying their motion to reinstate. MCR 2.502(C).

They argue that the children were unrepresented by counsel during all proceedings that took place after the judge removed plaintiff Arthur Bolster as next friend. They urge, also, that the trial judge erred when refusing to reinstate their claims. We affirm.

The accident underlying the suit occurred when a pickup truck, driven by Arthur Bolster, became stuck in a snowdrift on railroad tracks. Arthur

and Diane Bolster and their two-year-old daughter, Renee, managed to get clear of the truck before an oncoming train collided with it. However, when the train struck the truck, the truck was propelled from the tracks and fell on Mrs. Bolster and Renee, who had slipped into a ditch next to the tracks.

Renee suffered a fractured skull. Mrs. Bolster, who was pregnant with Douglas at the time, was forced to undergo a Caesarean section. She suffered, also, a ruptured spleen and several broken bones. Douglas had asphyxia at birth, apparently due to his mother's injuries from the train accident. He now suffers from mild hemiparesis, a form of cerebral palsy.

Attorney Peter John Betrus filed this action on December 1, 1977, on behalf of Mrs. Bolster and on behalf of Mr. Bolster, for himself and as next friend of Renee and Douglas. The following defendants were named in the complaint: the Detroit, Toledo & Ironton Railroad Company; the train's conductor and engineer; the Monroe County Board of Road Commissioners; and the driver and owner of a car that allegedly blocked Mr. Bolster from crossing the tracks, resulting in his becoming stuck in the snow. The railroad and the driver of the car filed counterclaims against Arthur Bolster for his role in the accident.

Plaintiffs' attorney conducted no discovery during the entire duration of the lawsuit. It was placed on the trial court's no-progress docket three times in 1979, twice in 1980 and once in 1982. Each time, either the parties stipulated to retain the case or the trial court granted plaintiffs' motion to retain it. At a pretrial conference in July 1983, the court ordered plaintiffs to file an itemized list of economic damages within seventy-five days. The list was never filed.

Prior to mediation, the court permitted Mr. Bolster, through separate counsel, to step down as next friend due to a potential conflict of interest. Had Mr. Bolster remained, he would have had to accept or reject a mediation award for his children to which he may have had to make a contribution as a counter-defendant.

Upon stipulation of the parties, the court ordered plaintiffs' counsel, Mr. Betrus, to find a new next friend and to move for that person's appointment within twenty-eight days after the mediation. Once a next friend was appointed, the parties would have twenty-eight days to accept or reject the mediation award. The court suggested that Mr. Betrus find someone other than Mrs. Bolster to serve as next friend, because she was married to a counter-defendant.

On March 7, 1985, the mediation panel rendered a recommendation of $300,000 for Douglas, $8,000 for Renee and $50,000 for Mrs. Bolster. Two weeks later, the court denied Mr. Betrus' petition to appoint Mrs. Bolster as next friend. Mr. Betrus admitted to making no attempts to find another next friend other than Mrs. Bolster despite the court's instructions at the prior hearing. Mr. Betrus was again ordered to find another next friend, preferably a relative of Mrs. Bolster.

The case was placed on the no-progress docket for the seventh time in November 1986. As of that time, Mr. Betrus still had not proposed a new next friend. On March 20, 1987, the trial court granted defendants' motions to dismiss the case without prejudice.

One year later, on March 18, 1988, Mr. Betrus filed a motion for reinstatement of Mrs. Bolster's claim against the railroad. He contended for the first time that he could not represent the children,

since they had no next friend who could designate counsel for them. Despite this contention, Mr. Betrus urged the court to reinstate the claims of both Mrs. Bolster and the children.

On November 21, 1988, the trial court denied the motion to reinstate as to Mrs. Bolster, but granted the motion as to the children. On April 19, 1989, upon defendants' motion for reconsideration, the court again dismissed the children's claims without prejudice.

On appeal, plaintiffs first argue that once Mr. Bolster was removed as next friend, the children, Renee and Douglas, had no attorney. Therefore, they contend, all actions taken by the court on their claims are null and void. This argument lacks support in the record and in law.

The Michigan Court Rules provide that an attorney who has entered an appearance for a party "may withdraw from the action or be substituted only on order of the court." MCR 2.117(C)(2). See *White v Sadler,* 350 Mich 511, 526; 87 NW2d 192 (1957). In the instant case, Mr. Betrus made no attempt to withdraw as counsel for Renee and Douglas Bolster. To the contrary, he actively pursued their interests at mediation, at the motion to dismiss, at the motions to reinstate and here on appeal. Moreover, he expressly agreed to secure a next friend for Renee and Douglas and was ordered to do so on multiple occasions. The trial court did not err in finding that Mr. Betrus continued to represent Renee and Douglas after their father stepped down as next friend.

The present case is analogous to *Kamieniecki v Garden City Hosp,* 375 Mich 257; 134 NW2d 219 (1965). There, after losing a motion to add a defendant and a motion for nonsuit, the plaintiff's attorney claimed for the first time that he could no longer represent the plaintiff. Plaintiff was a mi-

nor with no validly appointed next friend. The judge ordered that the trial proceed, indicating that counsel was close to being in contempt of court.

> We think that counsel's attempt to play horse with the court after starting a case for plaintiff and then pretending, after denial of his motion for nonsuit, that he had no client and no case in court, bordered on just exactly that. [*Id.,* 260-261.]

Similarly, in this case, plaintiffs' counsel acted as the children's attorney long after Mr. Bolster stepped down as their next friend. Mr. Betrus did not claim that the children were without an attorney until nearly a year after the case was dismissed. It was an attempt to resurrect a case that he had apparently neglected for years. As with plaintiff's counsel in *Kamieniecki,* Mr. Betrus' attempt to "play horse" with the court must not be permitted.

We hold also that the trial court did not abuse its discretion in either entering a no-progress dismissal on Mrs. Bolster's claim or in refusing to reinstate her claim. *Gerbig v White Motor Credit Corp,* 165 Mich App 372, 373-374; 418 NW2d 468 (1987); *Hoad v Macomb Circuit Judge,* 298 Mich 462, 468; 299 NW 146 (1941). Plaintiffs failed to show that they were making progress in the case or that failure to prosecute was not due to their own fault or lack of reasonable diligence. MCR 2.502(B)(1). Further, they did not make a showing of good cause to reinstate the case. MCR 2.502(C).

Plaintiffs' counsel conducted no discovery during the eleven-year duration of the case in the trial court, even though the cause was placed on the no-progress docket seven times. When plaintiffs' counsel responded to discovery requests, he did so only

after motions or orders to compel or for sanctions were filed against him. Additionally, plaintiffs' counsel, without explanation, failed to comply with the trial court's orders to obtain a next friend and never filed the statement of economic damages ordered by the court. Finally, he waited nearly a year after the no-progress dismissal to file a motion to reinstate. *Robinson v Washtenaw Circuit Judge,* 242 Mich 548, 551; 219 NW 661 (1928). Under these circumstances, we find no abuse of discretion in the trial court's dismissal of the case. *Marquette v Fowlerville,* 114 Mich App 92, 97; 318 NW2d 618 (1982).

Although we uphold the trial court, we note that the children, Renee and Douglas, may refile complaints if they do so before they become nineteen years of age. See MCL 600.5851; MSA 27A.5851; *DeGuzman v Wayne Circuit Judge,* 225 Mich 606, 610; 196 NW 523 (1923). In addition, while Mrs. Bolster's claim appears to be barred by the statute of limitations, she may have a legal malpractice claim against Mr. Betrus. *McNeil v Caro Community Hosp,* 167 Mich App 492, 497-498; 423 NW2d 241 (1988).

While we have no general superintending control over the trial courts, we are deeply concerned that the trial court in Monroe County allowed this matter to remain on its docket for more than eleven years. We are forwarding a copy of this opinion to the State Court Administrator for such action as she deems appropriate.

Affirmed.