*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAXON OLIN, Minor, by Next Friend NICOLE
CURTIS,

　　　　　　　Plaintiff-Appellant,

v

MERCY HEALTH HACKLEY CAMPUS, also
known as MERCY HEALTH PARTNERS,
LAKESHORE ANESTHESIA SERVICES PC,
EDWARD WINIECKE, M.D., ELIZABETH
PITT, M.D., SHORELINE E.N.T., PLC, and
PAUL E. LOMEO, D.O.,

　　　　　　　Defendants-Appellees.

FOR PUBLICATION
May 21, 2019
9:10 a.m.

Nos. 341523; 342937
Muskegon Circuit Court
LC Nos. 17-001444-NH
　　　　　17-005827-NH

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM

　　　　In Docket No. 341523, plaintiff, Jaxon Olin, a minor, through his next friend, Nicole Curtis, appeals by right the trial court's order granting defendants' motion for summary disposition and dismissing with prejudice his medical malpractice lawsuit. The crux of the issue on appeal is whether a lawsuit, timely filed by or on behalf of a minor plaintiff, is defective and invalid until the trial court formally appoints a next friend for the minor. The trial court granted defendants' motion based on the expiration of the applicable limitations period before entry of an order formally appointing plaintiff's mother, Curtis, as plaintiff's next friend.[1] For the reasons set forth below, we reverse and remand to the trial court for further proceedings.

---

[1] In Docket No. 342937, plaintiff appeals by right the trial court's dismissal of a second, identical lawsuit he filed as a back-up plan after receiving the trial court's written opinion with respect to the issue raised in Docket No. 341523. Because we are reversing the trial court's ruling in

## I. BASIC FACTS AND PROCEDURAL HISTORY

On September 22, 2014, plaintiff, who was 10 years old at the time, underwent an adenoidectomy, a direct laryngoscopy, and a lingual tonsillectomy. It is plaintiff's contention that defendants negligently performed the surgery, resulting in extensive tracheal tearing, total collapse of his lungs, severe and extensive subcutaneous emphysema, a pneumomediastinum, vocal cord paralysis, and other injuries. On September 20, 2016, two days before the two-year period of limitations would have otherwise expired, MCL 600.5805(8), plaintiff's attorney served on defendants a notice of intent (NOI) to file a medical malpractice claim. This served to toll the statutory limitations period for 182 days. See MCL 600.2912b. On March 22, 2017, plaintiff filed his complaint, with Curtis operating as his next friend pending formal appointment by the trial court. The parties agree that the statute of limitations would have expired on March 23, 2017, and that plaintiff filed the complaint within the statutory limitations period.

Defendants had filed their answers and the parties were engaged in discovery when plaintiff's counsel realized that the trial court had not yet formally appointed Curtis as plaintiff's next friend. Promptly after this discovery, plaintiff's counsel filed a petition seeking Curtis' appointment and noting that, pursuant to MCR 2.201(E), the court was required to appoint a next friend because plaintiff did not have a conservator. Plaintiff attached to the petition Curtis's written consent to be appointed and her verification that she was willing to become responsible for the costs of the action. See MCR 2.201(E)(2)(a)(*ii*). Five days later, on September 13, 2017, the trial court entered an order appointing Curtis as plaintiff's next friend.

On the same day the trial court appointed Curtis as next friend, defendants Paul E. Lomeo, D.O., and Shoreline E.N.T., PLC, filed a motion for summary disposition pursuant to MCR 2.116(C)(5) (legal capacity to sue), (7) (statute of limitations), and (8) (failure to state a claim). The motion asserted that defendants had become aware two days earlier that the trial court had not appointed Curtis as plaintiff's next friend, and because she was not the appointed next friend when the action was filed, she did not have standing to file it. Defendants further argued that, according to this Court's decision in *Cotter v Britt*, unpublished per curiam opinion of the Court of Appeals, issued May 31, 2007 (Docket No. 274776),[2] neither plaintiff nor Curtis had standing to pursue this action on March 22, 2017, or at any time before the expiration of the period of limitations on March 23, 2017. Thus, defendants claimed that plaintiff's case should be dismissed as time barred. All of the other defendants joined in the motion.

At the October 16, 2017 hearing on defendants' motion, defendants repeated the argument they had set forth in their summary disposition motion and supporting brief. In

---

Docket No. 341523, we need not review the trial court's order of dismissal in Docket No. 342937, as the issue raised is effectively moot.

[2] Unpublished opinions are not precedentially binding under the rule of stare decisis. MCR 7.215(C)(1). In some instances, they may be persuasive. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). As will become clear in our discussion of the issues on appeal, we do not find *Cotter* to be persuasive.

opposition to the motion, plaintiff argued that nothing in the language of MCR 2.201(E) required appointment of the next friend before filing the complaint, and that the language of the court rule actually contemplates the opposite because it refers to the nomination for appointment of a next friend "after service of process." Plaintiff also argued that the delay in formally appointing Curtis was, at most, a harmless oversight without prejudice. The trial court took the matter under advisement, and on November 15, 2017, it issued a written opinion in which it concluded that *Cotter* was directly on point and persuasive. Relying on the reasoning in *Cotter*, the trial court entered a corresponding order on December 4, 2017 granting defendants' motion for summary disposition and dismissing plaintiff's case with prejudice.

## II. STANDARDS OF REVIEW

We "review de novo a trial court's decision regarding a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law." *Bernardoni v Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2016). Defendants moved for summary disposition pursuant to MCR 2.116(C)(5), (C)(7), and (C)(8). Although the trial court did not identify the court rule under which it granted defendants' motion, it granted summary disposition for the reasons stated in *Cotter*. In *Cotter*, this Court relied on MCR 2.116(C)(8) to support summary disposition on the ground that the minor child "could not file suit on her own behalf, and suit was not filed by a properly appointed next friend." *Cotter*, unpub op at 3-4. A motion under MCR 2.116(8) tests the legal sufficiency of a complaint, and summary disposition is proper if "the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). "When deciding a motion brought under this section, a court considers only the pleadings." *Id*., citing MCR 2.116(G)(5).

This dispute primarily involves the interpretation and application of MCR 2.201.

Interpretation of a court rule is a question of law that this Court reviews de novo. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002). When interpreting a court rule, we apply the same rules as when we engage in statutory interpretation. *Id* at 553. The overriding goal of judicial interpretation of a court rule is to give effect to the intent of the authors. See *Bio–Magnetic Resonance, Inc v Dep't of Pub Health*, 234 Mich App 225, 229; 593 NW2d 641 (1999). The starting point of this endeavor is the language of the court rule. *Id*. If the language of the court rule is clear and unambiguous, then no further interpretation is required or allowed. *CAM Constr*, [465 Mich at 554]. However, when reasonable minds can differ on the meaning of the language of the rule, then judicial construction is appropriate. *Benedict v Dep't of Treasury*, 236 Mich App 559, 563; 601 NW2d 151 (1999). [*Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).]

## III. ANALYSIS

### A. NEXT FRIEND APPOINTMENT

Plaintiff first contends that the trial court erred by granting defendants' motion for summary disposition on the ground that Curtis was not the "real party in interest" at the time the complaint was filed because she had not yet been appointed plaintiff's next friend. We agree.

"An action must be prosecuted in the name of the real party in interest . . . ." *Maki Estate v Coen*, 318 Mich App 532, 539; 899 NW2d 111 (2017). " 'A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another.' " *Beatrice Rottenberg Living Trust*, quoting *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 95; 535 NW2d 529 (1995). The real-party-in-interest rule "recognizes that litigation should be begun only by a party having an interest that will ensure sincere and vigorous advocacy." *City of Kalamazoo v Richland Twp*, 221 Mich App 531, 534; 562 NW2d 237 (1997). The rule also protects the defendant by "requiring that the claim be prosecuted by the party who by the substantive law in question owns the claim asserted against the defendant." *Beatrice Rottenberg Living Trust*, 300 Mich App at 356 (quotation marks and citation omitted).

There can be no serious dispute that plaintiff owns the medical malpractice claim arising from injuries allegedly resulting from his surgery. Michigan courts have held that, when a plaintiff acts on behalf of a minor in a representative capacity, the cause of action still belongs to the minor. See, e.g., *Gumienny v Hess*, 285 Mich 411, 414; 280 NW 809 (1938) (recognizing that where a minor is injured, the minor accrues a cause of action); *Walter v Flint*, 40 Mich App 613, 616; 199 NW2d 264 (1972) ("In Michigan, an infant's cause of action for damages and the parents' cause of action to recover their expenses and loss of services, though arising from the same set of circumstances, are separate and independent causes of action."); *Broitman v Kohn*, 16 Mich App 400, 402; 168 NW2d 311 (1969) (recognizing that where a father pursues a claim for his daughter's injuries, his claim is "in reality her cause of action[.]").[3]

As demonstrated by *Gumienny*, *Walter*, and *Broitman*, Michigan's substantive law supports the conclusion that where a minor is negligently injured by another and sues through his or her next friend, the claim still belongs to the minor, and it is the minor who is the real party in interest. The trial court and defendants rely on *Cotter*'s assertion, "A next friend is the real party in interest, even though the beneficial interest rests with the minor[,]" to argue that Curtis is the real party in interest while the beneficial interest rests with plaintiff. *Cotter*, unpub op at 3. However, the distinction between the real party in interest from the one with the beneficial

---

[3] See also *Nielsen v Henry H Stevens, Inc*, 359 Mich 130, 134; 101 NW2d 284 (1960). In *Nielsen*, a truck owned by the defendant struck a minor while he was riding his bicycle. *Id*. at 131. The minor's father brought claims seeking recovery for the boy's injuries "and in his own right to recover for hospital and doctor bills." *Id*. In a concurring opinion, Justice Black explained:

> Before us are two separate rights of action. They arise together from the same factual circumstances, yet differ markedly by force of rules governing sustenance in court of each right. *The first of such rights belongs to a little boy; not his parent, guardian, or next friend. He is the legal plaintiff in his case and is the real party in interest.* [*Id*. at 134 (emphasis added).]

interest typically arises in circumstances involving statutory standing[4] and assignment of claims,[5] in cases where plaintiffs appear not to have an economic interest in the outcome of litigation,[6] or where contracts are involved.[7] "Defendants have not cited any statute or published authority, nor have we found either, that makes this distinction where a next friend acts on behalf of a minor to pursue the minor's personal injury claim. In fact, *Gumienny*, *Broitman*, and *Nielsen* support the conclusion that where a personal injury claim belongs to a minor, and a court-appointed next friend serves merely to bring the minor's claim and pay the costs of litigation, there is no

---

[4] See, e.g., *Rohde*, 265 Mich App 707-709 (holding that taxpayer plaintiffs were real parties in interest because they had statutory standing to bring an action on behalf and for the benefit of the treasurer of the Ann Arbor Public Schools); *BCBSM v Eaton Rapids Comm Hosp*, 221 Mich App 301; 561 NW2d 488 (1997) (holding that BCBSM, which administered the General Motors health plan and had contractual and statutory standing, was a real party in interest for purposes of a recovery action).

[5] See, e.g., *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; NW2d 242 (2015) (holding that the township, as an assignee of homeowners whose home suffered damage due to an event caused by the school system's water filtration system, had standing to sue the school district); *In re Beatrice Rottenberg Living Trust*, 300 Mich App at 354-356 (holding that the plaintiff was not the proper party to pursue claims concerning the ownership of the right to demand repayment of loans to the decedent; that right belonged exclusively to the trustee of the decedent's trust).

[6] See, e.g., *Hofman v Auto Club Ins Ass'n*, 211 Mich App 55, 96; 535 NW2d 529 (1995) (holding that, even though the plaintiffs were test litigants and the litigation was financed by the Michigan Chiropractic Legal Action Commission, the individual chiropractors were real parties in interest because they had provided the products and services for which the suit sought reimbursement); *Weston v Dowdy*, 163 Mich App 238; 414 NW2d 165 (1987) (holding that the homeowner plaintiffs were real parties in interest even though they had agreed to give any proceeds obtained in their legal malpractice lawsuit to the slip-and-fall victim who had obtained a judgment against them because of the defendants' legal malpractice); *Rite-Way Refuse Disposal, Inc v Vanderploeg*, 161 Mich App 274; 409 NW2d 804 (1987) (holding that where the plaintiff corporation had sold its vending machine business to a third party but retained a security interest in the business's physical assets, the retention was sufficient to establish the plaintiff as the real party in interest).

[7] See *Pontiac Police & Fire Rescue Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac No 2*, 309 Mich App 611, 623-624; 873 NW2d 783 (2015) (holding that the plaintiff was not a real party in interest in a lawsuit alleging that the city improperly reduced benefits through executive orders because it was not a party to the collective bargaining agreement (CBA) at issue, and was not an assignee of a party to the CBA, or a third-party beneficiary of the CBA).

distinction between the real party in interest (the child) and the party with the beneficial interest (also, the child).[8]

In addition, contrary to defendants' position, the court rule governing a trial court's appointment of a next friend does not require such appointment prior to or simultaneous with the filing of a complaint on behalf of the minor. A minor may sue and be sued as provided by MCR 2.201(E), which lays out the rules of representation and the procedure for appointing representatives for minors in court proceedings, including for minor plaintiffs. MCR 2.201(E)(1)(a) provides in relevant part that if a minor has a conservator, the conservator may bring actions on behalf of the minor. If a minor plaintiff does not have a conservator, "the court shall appoint a competent and responsible person to appear as next friend on his or her behalf, and the next friend is responsible for the costs of the action." MCR 2.201(E)(1)(b).

The appointment of representatives for minors is dictated by MCR 2.201(E)(2), which states in relevant part:

> (a) Appointment of a next friend or guardian ad litem shall be made by the court as follows:
>
> * * *
>
> (ii) if the party is a minor under 14 years of age or an incompetent person, on the nomination of the party's next of kin or of another relative or friend the court deems suitable, accompanied by a written consent of the person to be appointed; or
>
> (iii) if a nomination is not made or approved within 21 days after service of process, on motion of the court or of a party.
>
> (b) The court may refuse to appoint a representative it deems unsuitable.

Nothing in the plain language of MCR 2.201(E) requires the filing of a petition for appointment or the completion of a next friend appointment before suit or simultaneously with the filing of a complaint on behalf of a minor, nor do defendants point to any current statute or court rule containing such requirement. In fact, the court rule repeatedly refers to what "the court" must do, clearly implying that it is the court assigned to the minor's lawsuit that handles

---

[8] Defendants rely on *Woodman v Kera*, 486 Mich 228; 785 NW2d 1 (2010) and *Smith v YMCA*, 216 Mich App 552 (1996) to support their argument that Curtis, as plaintiff's mother, has no authority to act on plaintiff's behalf. Defendant's reliance is misplaced. *Woodman* and *Smith* confirmed that a parent has no authority to waive, release, or compromise their child's claim. *Woodman*, 486 Mich at 242-245; *Smith*, 216 Mich App at 554. Curtis is doing none of these things. Rather, as plaintiff's court-appointed next friend, she is acting on behalf of plaintiff to pursue his medical malpractice claim against defendants. *Woodman* and *Smith* have no applicability to the facts in the case at bar.

the next friend appointment process. In other words, the court rule implicitly assumes the complaint has already been filed, and properly so, even though no next friend has yet been appointed.[9]

The language in MCR 2.201(E) expressly addressing circumstances where the court is required to make such appointment *after* a complaint is filed further belies the notion that a next friend must be appointed prior to or along with the filing of a complaint. Pursuant to MCR 2.201(E)(2)(a)(*ii*), where the minor is under 14 years old, "[a]ppointment of a next friend . . . shall be made by the court . . . on the nomination of the [minor's] next of kin or of another relative or friend the court deems suitable." In addition, "if a nomination is not made or approved within 21 days *after service of process*, on motion of the court or of a party" the court shall appoint a next friend.[10] MCR 2.201(E)(2)(a)(*iii*) (emphasis added). The latter provision signifies that the lack of a precomplaint next friend appointment, or a simultaneously filed

---

[9] The Judicature Act of 1915 contained language explicitly requiring the circuit court to appoint a next friend before filing a complaint or issuing process. See CL 1915, 12379 [CL (1948) § 612.28] ("Whenever an infant . . . shall have a right of action, he shall be entitled to maintain a suit thereon, *but before the declaration or bill of complaint is filed or any process issued in the name of such person who is the sole plaintiff, the circuit judge or circuit court commissioner of the same county shall appoint a competent and responsible person to appear as next friend for such plaintiff . . . .*"). The Legislature expressly repealed this requirement when it enacted the Revised Judicature Act of 1961. See MCL 600.9901. "[A] change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a clarification of the original legislative intent." *Bush v Shabahang*, 484 Mich 156, 169-170; 772 NW2d 272 (2009), citing *Lawrence Baking Co v Unemployment Compensation Comm*, 308 Mich 198, 205; 13 NW2d 260 (1944). Accordingly, this Court "cannot assume that the change means nothing at all[,]" and that the requirement of appointing a next friend prior to filing a complaint still pertains. See *Bush*, 484 Mich at 170.

Moreover, even while the Judicature Act of 1915—and its mandatory precomplaint appointment process—was in force, courts regularly overlooked technical deficiencies in the next-friend appointment process. Our Supreme Court held that strict compliance with the requirement of a formal precomplaint appointment process was not necessary, instead concluding that

> [i]t is not an absolute prerequisite to jurisdiction of an action by an infant that he should sue by guardian ad litem or next friend; but a failure to appoint a guardian ad litem or next friend for an infant plaintiff merely affects the regularity of the proceedings, and the defect is one which before verdict is amendable, and after verdict or judgment is cured. [*Graham v Nippress*, 222 Mich 386, 388; 192 NW 683 (1923) (quotation marks and citation omitted).]

[10] Defendants argue that MCR 2.201(E)(2)(a)(*iii*) must be referring only to next friend appointments for minor defendants, but the plain language of the court rule does not require this restrictive interpretation.

nomination with the complaint and immediate next friend appointment (the timing of which is in the court's control)[11] is not fatal to the minor's case.[12] Because a plaintiff serves a complaint only subsequent to its filing, MCR 2.105, these rules presuppose that it makes no practical difference whether a minor party obtains an appointment of a next friend before or after the filing of a complaint. In sum, our court rules operate in a manner that supports plaintiff's position that the absence of a precomplaint appointment or a petition simultaneously filed with the complaint does not render defective a timely filed complaint on behalf of a minor plaintiff. In the case at bar, these absences merely delayed the formal appointment as next friend of plaintiff's "natural guardian" and the person who "is really and manifestly proceeding as [plaintiff's next friend]." *Sick v Mich Aid Ass'n*, 49 Mich 50, 52; 12 NW 905 (1882).

---

[11] MCR 2.201(E)(2)(b) provides that "[t]he court may refuse to appoint a representative it deems unsuitable." Under defendants' proposed scenario, even if a petition for appointment of a next friend is filed with the complaint, the timing of a next friend appointment is ultimately within the court's control, and as such, will dictate whether there is any sand left in the statute of limitations hourglass in order to save the minor plaintiff's case from being dismissed with prejudice despite being timely filed.

[12] There are ample factual recitations that demonstrate that the failure to appoint a next friend prior to commencement of a suit is not fatal to the suit. See, e.g., *Markham v Markham*, 4 Mich 305, 307 (1856) (explaining that no statute, court rule, or other substantive law required dismissal of the complaint based on the absence of a formally appointed next friend before commencement of the suit); *Sick v Mich Aid Ass'n*, 49 Mich 50, 52-53; 12 NW 905 (1882) (concluding that where the plaintiff failed to designate herself as next friend, she was "really and manifestly proceeding as such," "appointment in such a case would be a mere formality," and "the court should have directed an amendment instead of sending the infants out of court for a defect so easily remedied"); *Kees v Maxim*, 99 Mich 493, 497; 58 NW 473 (1894) (acknowledging that "[t]he usual and proper course is to entitle a cause in the name of the infant by his next friend," but ordering amendment of a judgment because it was "plainly apparent from the face of the summons that [plaintiff] was prosecuting in the capacity and character of next friend" of the injured party); *McDonald v Weir*, 76 Mich 243, 246-247; 42 NW 1114 (1889) (rejecting argument "that the plaintiffs must be nonsuited because no friend had been appointed [for minor] before commencement of suit" where minor's status "must have been fully understood by defendant"); *Dillon v Howe*, 98 Mich 168, 170; 57 NW 102 (1893) (holding that the trial court's appointment of next friend after issuance of process was valid); *Kamieniecki v Garden City Hosp Osteopathic*, 375 Mich 257, 260; 134 NW2d 219 (1965) (holding that there was no error where a next friend was not appointed until the eve of trial). Defendants argue that all of these cases are distinguishable from the issue at bar because they do not address the effect of the expiration of a period of limitations prior to appointment of the next friend. They assume from the silence that trial courts appointed next friends prior to expiration of the limitations period. However, it is equally likely that filing a complaint prior to expiration of the relevant limitations period tolled the period, as is true today under MCL 600.5856(a). Moreover, these cases perfectly illustrate that a court is not required to dismiss a minor's suit simply because the person clearly acting as his or her next friend has yet to be formally appointed.

To summarize, the governing court rules and caselaw clearly indicate that a minor is the real party in interest in a claim for damages arising from alleged medical malpractice and that failure to appoint a next friend prior to or simultaneous with the filing of the complaint on behalf of the minor is not expressly required. However, even if we were to assume for the sake of argument that, despite having filed a timely complaint, plaintiff was nevertheless required to ensure that the trial court appointed a next friend by the very next day, March 23, 2017,[13] before the statute of limitations was set to expire, MCL 600.2301 operates in favor of reinstating plaintiff's case. MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

"The language in MCL 600.2301 requiring a court to disregard 'any' errors or defects if no substantial rights are affected plainly and unambiguously reaches both content and noncontent errors or defects, as the term 'any' is all-inclusive." *Furr v McLeod*, 304 Mich App 677, 702-703; 848 NW2d 465 (2014), reversed in part sub nom *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68; 869 NW2d 213 (2015). Defendants cannot claim any surprise or resulting prejudice on these facts. Plaintiff, not Curtis, is the real party in interest in this case, so no new parties are being added with her appointment as next friend. Curtis, plaintiff's mother and the person who would be seeking to be appointed next friend, was named in the case caption of the complaint. Defendants, who had full access to the registry of actions, were able to see that the trial court had not yet formally appointed Curtis as next friend. MCR 2.201(E)(2)(c). Yet they proceeded to conduct discovery and raised no concern until the time plaintiff filed the September 8, 2017 petition for appointment of a next friend. *Id*. The trial court, apparently without any hesitation, granted plaintiff's petition and appointed Curtis as next friend for her son as originally intended and as unambiguously stated on the complaint. Defendants argue that reinstating the case will deprive them of the substantial statute of limitations defense. However, as will be explained below, defendants have failed to show that, under the circumstances of this case, they were entitled to a statute of limitations defense.

## B. STATUTE OF LIMITATIONS

Plaintiff argues that his complaint was timely filed and process was properly served; therefore, the trial court obtained jurisdiction over defendants. Accordingly, the filing of the complaint tolled the period of limitations, and the trial court ought to have corrected any technical error relating to the next-friend appointment process and allowed plaintiff's case to

---

[13] It is worth noting that plaintiff was not permitted to file his lawsuit until the NOI waiting period set forth in MCL 600.2912b expired. *Tyra v Organ Procurement Agency of Michigan*, 498 Mich 68, 78, 94; 869 NW2d 213 (2015). It is not entirely clear how he could have obtained a next friend appointment before the lawsuit commenced.

proceed in the normal course. Defendants, meanwhile, argue that the statute of limitations was not tolled until a next friend was appointed. We agree with plaintiff. "Whether a period of limitations applies in particular circumstances constitutes a legal question that this Court also considers de novo." *Carmichael v Henry Ford Hosp*, 276 Mich App 622, 624; 742 NW2d 387 (2007).

MCL 600.5856 provides the substantive rule for tolling statutory periods of limitations or repose:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

MCL 600.5856(a) applies in this case to toll the applicable period of limitations pending proper service. Defendants do not contend that plaintiff failed to timely file the complaint or complete the service of process as permitted by our court rules. Instead, defendants continue to argue that the trial court did not formally appoint Curtis before the expiration of the applicable limitations period, so she was never a "real party in interest" and that plaintiff, as a minor, did not have a right to commence suit in the first instance. Defendants conflate the requirements of establishing capacity to sue and standing/real party in interests. "Our Supreme Court has held that the defense that a plaintiff is not the real party in interest 'is not the same as the legal-capacity-to-sue defense.'" *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 620; 873 NW2d 783 (2015), quoting *Leite v Dow Chem Co*, 439 Mich 920, 920; 478 NW2d 892 (1992). As we have already explained, an action must be prosecuted by the real party in interest, plaintiff is the real party in interest in the case at bar, and he is prosecuting the case through his next friend.

Further, it is black-letter law that "[a] civil action is commenced by filing a complaint with the court." MCL 600.1901. It is the date of filing that is significant for statute of limitations defenses. See *Dunlap v Sheffield*, 193 Mich App 313, 315-316; 483 NW2d 464 (1992). "In general, a statute of limitations requires only that a complaint be filed within the limitation period." *Scarsella v Pollak*, 461 Mich at 552 n 3.

It is simply not the case, as defendants suggest, that permitting this case to proceed will result in a limitless statute of limitations period. Rather, commencement of suit must always occur within the period of limitations (as tolled where applicable). Subsequently, pursuant to the mandatory requirements of MCR 2.201(E), the trial court must then make certain that a

representative for the minor (whether a conservator or a next friend) is in place to carry the suit forward if appropriate.

There is no principled reason under the court rules or in Michigan's decisional law to require that the next-friend appointments occur before commencing suit or before the expiration of the statute of limitations period, even after a complaint has been filed. Even if a minor brings a suit to judgment without the appointment of a next friend, if represented by an attorney, our Legislature has provided that the judgment is valid. See MCL 600.2315(5).[14] Similarly, our Supreme Court has held that"[t]he validity of the proceedings and jurisdiction of the court in the premises is not defeated by the fact that a next friend had not been appointed at an earlier stage in the proceedings." *Kamieniecki v Garden City Hosp Osteopathic*, 375 Mich 257, 260; 134 NW2d 219 (1965). Therefore, it makes no sense to conclude that the formal appointment of a next friend is a meaningful date for statute of limitations purposes.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[14] MCL 600.2315 provides:

When a verdict has been rendered in a cause, the judgment thereon shall not be stayed, nor shall any judgment upon confession, or default, be reversed, impaired, or in any way affected, by reason of the following imperfections, omissions, defects, matters or things, or any of them, in the pleadings, process, record or proceedings, namely:

\*\*\*

(5) For a party under 18 years of age, having appeared by attorney, if the verdict or judgment be for him.